460 So.2d 93 (1984)
Jimmy James PELLERIN, Plaintiff-Appellant,
v.
LOUISIANA HEALTH SERVICE AND INDEMNITY COMPANY, Defendant-Appellee.
No. 83-1090.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*94 Robert J. Caluda, New Orleans, Anatole J. Plaisance, Baton Rouge, for plaintiff-appellant.
Paul J. Hebert, Sonnier & Hebert, Abbeville, for defendant-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
DOUCET, Judge.
Plaintiff-appellant brought this action individually and on behalf of a class seeking to recover benefits under a hospitalization insurance policy issued by Louisiana Health Services and Indemnity Co. (hereinafter referred to as Blue Cross). The defendant filed a peremptory exception of improper use of class action. The plaintiff appeals the trial court's judgment which sustained the exception and dismissed the suit.
Mr. Pellerin is the beneficiary of a hospitalization insurance policy issued by Blue Cross. Under the terms of the policy Blue Cross agreed to pay hospitalization costs incurred by the plaintiff except for costs incurred for treatment of alcoholism or drug addiction. This claim is based upon costs incurred for treatment received by the plaintiff-appellant for alcoholism and alleged psychological problems at the Fountain Lake Treatment Center in Albert Lea, Minnesota. The plaintiff petitioned that such treatment came within the coverage of the insurance policy and Blue Cross responded with the assertion that this treatment was for alcoholism and as such was excluded from the policy. The plaintiff then amended his petition seeking a class action on behalf of anyone with the same policy that may have been hospitalized for alcoholism. The defendant filed a peremptory exception of improper use of class action. The trial court sustained the exception. In its written reason for judgment the trial court said:
"In this case, the Court feels that the peremptory exception should be maintained, and the class action suit dismissed, reserving to the plaintiff, however, his right to proceed individually against the defendant. Each potential member of the alleged class is connected to the defendant insurance company by a separate policy. Any denials of benefits to these persons would be based upon those separate policies and the particular factual situations making different each individual claim. These persons are not prejudiced by the denial of a class action as each may pursue their possible remedies individually. The first decision rendered will have little or no precedential value, as each case will be based on somewhat, if not substantially different *95 facts. Inconsistent rulings in the separate adjudications will be due to these different facts, not to inconsistent readings of the law."
The appellant contends that the trial court erred in failing to recognize the predominance of a common question in the class. Also the appellant contends that the trial court erred in not affording sufficient emphasis to the likelihood of injustice resulting from inconsistent adjudication if the class action is barred.
La.C.C.P. articles 591 and 592[1] provide that a class action procedure is available when the following requirements are present: (1) a class so numerous that joinder is impractical; (2) the joinder as parties to the suit of one or more parties who are (a) members of the class, and (b) so situated as to provide adequate representation for absent members of the class; and (3) a common character between the rights of the representatives of the class. Stevens v. Bd. of Trustees of Police Pension Fund of City of Shreveport, 309 So.2d 144 (La. 1975); McCastle v. Rollins Environmental Services, 456 So.2d 612 (La.1984).
The appellant has failed to demonstrate his satisfaction of these criteria. There is nothing in the record to suggest that other potential claimants exist except for the bare allegation that there are perhaps other people who might sue on the same policy issued by Blue Cross. Therefore it is impossible to determine the impracticality of joining other parties to the suit or that a class of similarly situated parties actually exist. More importantly, the claim lacks a truly common character. This suit is based on an insurance policy and any denial of coverage is contingent on the particular facts of each claim. In fact, the appellee argues that it has denied only this particular claim for reasons unique to this claim. The insurers will have different reasons for refusing to pay the benefits in each case. In such a situation a class action is inappropriate and unavailable. Louette v. Security Industrial Insurance Co., 361 So.2d 1348 (La.App. 3rd Cir.1978), writ denied 364 So.2d 564 (La.1978).
Finally, there is nothing in the record to suggest that there is a likelihood of injustice if such potential claimants of this type of policy institutes his own action for recovery of denied benefits. The trial court correctly noted that inconsistent rulings in separate adjudication will result from differing factual situations and not from inconsistent interpretations of the law. In short, the law is clear with respect to adjudicating claims of denied insurance benefits in these situations. Different results will be attributable to differing claims.
The appellant's argument of general fairness and equity do not overcome these listed obstacles to the availability of class action in this case. Accordingly, we affirm the trial court's judgment that sustained the defendant's peremptory exception of improper use of class action. Plaintiff-appellant is assessed the costs of this appeal.
AFFIRMED.
NOTES
[1] La.C.C.P. articles 591 and 592 state: "Art. 591. Prerequisites

A class action may be instituted when the persons constituting the class are so numerous as to make it impracticable for all of them to join or be joined as parties, and the character of the right sought to be enforced for or against the members of the class is:
(1) Common to all members of the class; or (2) Secondary, in the sense that the owner of a primary right refuses to enforce it, and a member of the class thereby becomes entitled to enforce the right.
Art. 592. Representation
One or more members of a class, who will fairly insure the adequate representation of all members, may sue or be sued in a class action on behalf of all members."