619 So.2d 795 (1993)
Marilyn SPITZFADEN, et al.
v.
DOW CORNING CORPORATION, et al.
Nos. 92-CA-2239, 92-CA-2329.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1993.
*796 Vance R. Andrus, Gano D. Lemoine, Jr., Andrus, Boudreaux, Lemoine & Tonore, Lafayette, Wendell H. Gauthier, D. Kim Cormier, Daniel G. Abel, Gauthier & Murphy, Metairie, John C. Cummings, III, Cummings, Cummings & Dudenhefer, Walter J. Leger, Jr., Leger & Mestayer, Dawn M. Barrios, Judy Cannella Schott, Cleveland, Barrios, Kingsdorf & Casteix, New Orleans, Calvin C. Fayard, Jr., Donna U. Grodner, Fayard, Harris Rothele & Honeycutt, Denham Springs, and Joseph M. Bruno, Bruno & Bruno, New Orleans, for plaintiff/appellee.
Charles F. Gay, Jr., Lyn A. Batastini, Jacqueline H. Andry, Adams and Reese, New Orleans, Frank C. Woodside, III, Dinsmore & Shohl, Cincinnati, OH, for defendant/appellant, Dow Corning Corp. and Dow Corning Wright Corp.
Monica T. Surprenant, Beverly Klundt Baudouin, Baldwin & Haspel, New Orleans, McCarter & English, Newark, NJ, for defendant/appellant, Surgitek, Inc. and Bristol-Myers Squibb Co.
Dominic J. Gianna, Alan Dean Weinberger, Middleberg, Riddle & Gianna, New *797 Orleans, for defendant/appellant, Baxter Healthcare Corp.
Charles L. Stern, Jr., Stephen D. Marx, Steeg and O'Connor, New Orleans, for defendant/appellant, Mentor Corp.
Terry Christovich Gay, William K. Christovich, Christovich & Kearney, New Orleans, for defendant/appellant, McGhan Medical Corp.
Dermot S. McGlinchey, Stephanie Lawrence, Margaret Diamond, James M. Garner, McGlinchey Stafford Lang, New Orleans, for defendant/appellant, Bioplasty, Inc.
Before BARRY, CIACCIO and LOBRANO, JJ.
BARRY, Judge.
This is an appeal from an order which certifies a class action. We affirm.
On February 12, 1992 Mary Spitzfaden filed a petition which alleges that she represents a class of residents and domiciliaries of Louisiana, and victims' spouses and children, who have suffered as a result of silicone breast implants. Defendants are Dow Corning Corporation, Dow Corning Wright Corporation, and Southern Baptist Hospital. Suit was filed under products liability, negligence, fraudulent misrepresentation and/or redhibition, breach of implied and express warranty, and intentional and negligent infliction of emotional distress. Baptist Hospital's exception of prematurity was granted because the claim was not considered by a medical review panel.
In a first supplemental and amending petition eight individual plaintiffs were added. The following defendants were added: McGhan Medical Corporation, Mentor Corporation, Bristol-Myers Squibb Company, Surgitek, Inc., Baxter International Inc., Baxter Health Care Corporation, Natural Surgical Specialities, Inc., Bioplasty Corporation and Heyer-Schulte Corporation.
On February 19, 1992 plaintiffs filed a motion to maintain and certify the class. A second supplemental and amending petition added two non-resident females based on breast implant surgery in Louisiana. Several defendants filed an objection to class certification.
On March 4, 1992 the trial court ex parte signed an order conditionally certifying the class and a hearing was scheduled. Several defendants filed for a continuance based on their need to investigate the claims. The court stated that certification, if granted, could be recalled. The court denied the motion and informed defense counsel that a hearing on the issue of certification would be held April 3, 1992.
On April 3, 1992 defense counsel argued that a continuance should be granted to permit discovery. No testimony was taken. Plaintiffs introduced documents from a federal lawsuit that related to silicone implants, and submitted an FDA pamphlet (which states that 2,000,000 American women have breast implants) and an DHHR update on silicone gel-filled implants.[1] On April 14, 1992 the trial court signed an order certifying the class "in accordance with" an Ohio federal judge's certification of a similar class. The defendants appeal the certification.
Bristol-Myers Squibb Company and Surgitek, Inc.'s motion for an appeal was denied. This Court granted a writ, reversed the trial court, and ordered the court to grant a suspensive appeal (# 92-C-1076). The writ application of Dow Corning Corporation, Dow Corning Wright Corporation and McGhan Medical Corporation was granted and the trial court was ordered to grant a suspensive appeal (# 92-C-1104). Baxter Healthcare Corporation and Mentor Corporation were granted devolutive appeals.
Bioplasty's exceptions of improper accumulation of actions and improper class certification were denied. Bioplasty appealed the class certification and sought a writ on *798 the ruling as to improper accumulation of actions. The writ was denied (# 92-C-2233). The appeals as to class certification have been consolidated.
Each appellant specified a number of errors. The issues include the determination of class certification, judicial notice of numerosity, and certification before discovery was available. Bristol-Myers and Surgitek contend the plaintiffs' affidavits should not be in the record.

THE LAW
La.C.C.P. art. 591 et seq. set forth criteria for a class action:
(1) A class so numerous that joinder is impractical;
(2) The joinder as a party of at least one member of the class who is able to provide adequate representation for the absent members; and
(3) A `common character' among the rights of the representative(s) and the absent members of the class.
Phillips v. Orleans Parish School Board, 541 So.2d 226, 277 (La.App. 4th Cir.1989).
The burden of proof as to the criteria is on the plaintiffs. Id. Certification will not be denied because of individual questions of quantum when predominant liability issues are common to the class. Rivera v. United Gas Pipeline Company, 613 So.2d 1152 (La.App. 5th Cir.1993).
If the superiority of a class action is disputed, the trial court must decide whether the intertwined goals of effectuating substantial law, judicial efficiency and individual fairness would be better served by another procedural device. State ex rel. Guste v. General Motors Corporation, 370 So.2d 477 (La.1978) (on rehearing); Stevens v. Board of Trustees, 309 So.2d 144 (La. 1975).
To establish numerosity the class must be so numerous that joinder is impractical. Although the identification of potential class members is not necessary, parties who seek certification should be able to establish a definable group of claimants. Farlough v. Smallwood, 524 So.2d 201 (La.App. 4th Cir.1988), writ denied, 526 So.2d 810 (La.1988).
The "common character" requirement encompasses more than the existence of questions of law and fact as to each member or class. The requirement restricts the class action to those cases in which it would achieve economy of time, effort, expense, and promote uniformity of decision as to the plaintiffs similarly situated without sacrificing fairness or bringing about undesirable results. McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612 (La.1984).
After commencement of the action the court on its own motion or on the motion of a party shall determine whether the lawsuit is a class action. La.C.C.P. art. 593.1 A. If the court determines at any time that the problems outweigh the advantages of the class action, the class can be modified or certification recalled. The court may at any time before decision on the merits alter, amend or recall its certification and may enlarge, restrict or otherwise redefine the constituency of the class or the issues. The court has the ability to constantly review its decision to certify. If an error is possible it should be in favor and not against maintaining the class action. La.C.C.P. art. 593.1(B); Id. at 621.
A trial court has great discretion to certify a class. The court has wide latitude when considering policy matters and applying an analysis of the facts. The decision will not be overturned absent manifest error. Adams v. C.S.X. Railroads, 615 So.2d 476 (La.App. 4th Cir.1993); Ellis v. Georgia-Pacific Corporation, 550 So.2d 1310 (La.App. 1st Cir.1989), 559 So.2d 121 (La.1990).

ANALYSIS
In the April 14, 1992 order certifying the class the trial court defined the class to be:
All residents and domiciliaries of Louisiana who have had silicone gel breast implants placed in their bodies, and spouses and children of such persons, whose implants were manufactured, developed, *799 designed, fabricated, sold, distributed or otherwise placed into the stream of commerce by defendants, and who have sustained any adverse medical condition thereby, or who are likely to suffer such adverse medical condition as a result thereof in the future; and all persons who had such silicone gel breast implants placed in their bodies within the state of Louisiana, and spouses and children of such persons, whose implants were manufactured, developed, designed, fabricated, sold, distributed, or otherwise placed into the stream of commerce by defendants.
The trial court noted that a federal court in Ohio recently certified a class in a similar silicone gel breast implant lawsuit. The trial court said the class would "protect Louisiana litigants" against "the possibility of other litigants in other jurisdictions rushing to judgment." The trial court declared that suits of this potential magnitude should be managed efficiently and economically from the outset.
The trial court determined that the persons constituting the class are so numerous that it would be impractical for all to join or be joined. The court found that the number of claimants would amount to thousands. The court noted Dow Corning's statistics that at least 1,000,000 women in the United States have silicone gel breast implants, or about 20,000 females in Louisiana with a potential claim. The element of numerosity was met.
The court found a common character because all members of the class had surgery and have a potential common right against the defendants. The trial court felt that the named representatives of the class and the class' counsel would fairly represent the other members of the class. The claims as to liability are claims of every member of the class.
Common issues of law and fact predominate over any individual issues and the class action is the superior procedural vehicle. The cost of individual litigation would be prohibitive. It is in the interest of Louisiana courts to maintain the class because it would prevent a multitude of lawsuits which would inundate the court system.
The trial court did not abuse its much discretion. We find no manifest error in the court's judgment. The judgment is affirmed.
AFFIRMED.
NOTES
[1] The exhibit envelope contains affidavits by several plaintiffs. The defendants contend the affidavits were placed in the record after the hearing. Since several affidavits are dated after the April 3 hearing, the court could not have considered them prior to the first conditional certification or the court rulings on April 1 and 3.