643 So.2d 819 (1994)
Rudolph LEWIS
v.
Buddy ROEMER, in His Official Capacity as Governor of the State of Louisiana, William Guste, Jr., et al.
No. 94-CA-0317.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1994.
*820 Ronald L. Wilson, New Orleans, for plaintiff/appellee.
Polack, Rosenberg, Rittenberg & Endom, Franklin V. Endom, Jr., New Orleans, for defendants/appellants.
Before BARRY, LOBRANO and WARD, JJ.
BARRY, Judge.
The Orleans Parish School Board, its President Dr. Dwight McKenna, and Superintendent Dr. Everett Williams, [School Board] appeal a judgment certifying a class action.
Rudolph Lewis, who had been employed by the School Board in an administrative capacity as a textbook specialist for over ten years, was terminated August 9, 1989. In 1989 Lewis filed for declaratory and injunctive relief alleging that Act 79 of 1988 violated the equal protection clause, La.Const. Art. I, § 3, and was unconstitutionally vague. He alleged that Act 79 provided different treatment for employees similarly situated, regular and permanent employees (those who had served satisfactorily for more than three years). The Act authorized the School Board to implement policies and procedures to reduce the number of employees (other than teachers) for reasons of economy without complying with provisions of the subpart.
In a June 12, 1991 amended petition Lewis converted the claim into a class action. Lewis described the class as all regular and permanent employees of the School Board (other than teachers) "who stand to be separated from their employment `for reasons of economy.'" He claimed the members of the class were so numerous that joinder of all members was impracticable and the number *821 of employees who are and may be affected in the future was indeterminable.
On July 21, 1992 Lewis filed a motion to amend his petition to allege alternatively, if Act 79 of 1988 were constitutional the School Board failed to implement policies and procedures pursuant to the Act. All prior terminations would be invalidated and all future ones enjoined. He added as a plaintiff, Clennon Nixon, who was terminated June 8, 1992. Lewis amended the description of the class to: "All regular and permanent employees of the Orleans Parish School Board, other than teachers, who have been or who stand ... to be separated from their employment for `reasons of economy.'" The School Board opposed the amendment because the suit sought retroactive relief for those already terminated, claims which would be difficult to handle after such a lapse of time. The trial court did not rule on the motion to amend at that time.
On October 6, 1992 Clennon Nixon filed a petition to intervene. He described the class as employees "separated from employment without the adoption and implementation of the policies and procedures mandated by Act 79 of 1988". Nixon alleged that the "number of employees who are affected and who may be affected in the future is approximately 300."
On October 26, 1992 Lewis and Nixon filed a motion to certify the class which was described as: "All regular and permanent employees of the Orleans Parish School Board, other than teachers, who stand to be separated from their employment for reasons of economy." Their supporting memorandum noted the class as those employees "who have been or who stand to be separated from their employment...." Lewis and Nixon noted that at the hearing on the motion to amend, counsel for the School Board declared that 300 people had been terminated pursuant to Act 79 of 1988. They argued that the number would substantially increase.
In opposition the School Board noted that the description of the class changed considerably from 1991 to 1992. The School Board argued that it also opposed the amended petition which sought retroactive relief and pointed out that the trial court had not ruled on its opposition. Because the motion to certify defined the class in prospective terms only, the School Board contended that any attempt for retroactive relief was abandoned. The School Board submitted that Lewis and Nixon made no showing that there would be future lay-offs of non-teaching personnel without complying with their interpretation of Act 79 of 1988 and the requirement of numerosity was not met. The Board argued that "as presently worded" the motion should be denied. The Board claimed that if Lewis and Nixon wanted to cover employees already separated from employment they would be required to amend their motion to certify.
The trial court certified the class:
All regular and permanent employees of the Orleans Parish School Board, other than teachers, who were terminated or who stand to be separated from their employment by the Orleans Parish School Board for reasons of economy.
In his reasons for judgment the trial court stated:
The pleadings establish a sufficiently broad class whose alleged constitutional rights have in the past or may in the future be violated by the defendants.
C.C.P. arts. 591 and 592 require:
(1) numerosity of plaintiffs such that joinder is impractical.
(2) adequate representation exists; two plaintiffs, Messrs. Lewis and Nixon, are sufficient to represent the class.
(3) a common character of the right sought to be enforced is shown.
The day of the judgment the trial court also granted leave to amend the petition as requested in the July 21, 1992 motion.
The School Board argues that the trial court erred:
(1) by certifying the plaintiff class of permanent employees without proof or admission that the employees constituting the class are so numerous as to make their joining impracticable;
(2) alternatively, by finding that the "pleadings establish a sufficiently broad class" for certification.

*822 THE LAW

La.C.C.P. Articles 591 and 592 establish the basic requirements for a class action:
(1) A class so numerous that joinder is impracticable;
(2) The joinder as parties to the suit one or more persons who are members of the class and are so situated as to prove adequate representation for the absent members;
(3) A common character among the rights of the representative and the absent members of the class.
McCastle v. Rollins Environmental Services, 456 So.2d 612 (La.1984); Spitzfaden v. Dow Corning Corp., 619 So.2d 795 (La.App. 4th Cir.1993), writs denied 624 So.2d 1236 and 1237 (La.1993). Plaintiffs who seek to establish a class action bear the burden of establishing that the statutory criteria are met. Adams v. CSX Railroads, 615 So.2d 476 (La. App. 4th Cir.1993).
Numerosity is based on the facts and circumstances of each case. There is no set number above which a class is automatically considered so numerous that joinder is impractical. Dumas v. Angus Chemical Company, 635 So.2d 446 (La.App. 2d Cir. 1994). Although identification of all potential class members is not necessary, the plaintiff must be able to establish a definable group of claimants. Spitzfaden, 619 So.2d at 795.
If the court determines at any time that the problems outweigh the advantages of the class action, the class may be modified or certification recalled. The court may, at any time prior to a decision on the merits, alter, amend or recall its certification and may enlarge, restrict or redefine the constituency of the class. The trial court has great discretion to certify a class. The court has wide latitude when considering policy matters and applying an analysis of the facts. The decision will not be overturned absent manifest error. Id.

ANALYSIS
The School Board argues that Lewis and Nixon did not establish numerosity. Lewis' June 12, 1991 amended petition stated that the members of the class were "so numerous" that joinder was impracticable and the number who are and may be affected in the future was indeterminable. Nixon's intervention declared that the number was approximately 300, but he did not support that allegation with evidence or documentation. In a memorandum in support of certification Lewis and Nixon noted that during a hearing the School Board's counsel stated that 300 employees had been terminated pursuant to Act 79 of 1988. At oral argument mention was made of the employee totals provided in documents (attached to the Board's responses to interrogatories) submitted with the Board's memorandum opposing Lewis' summary judgment motion (not introduced into evidence at the certification hearing).
Lewis and Nixon provided no documentation to establish numerosity of those already terminated. They submitted no proof concerning the number of possible terminations in the future. Conclusory allegations do not carry the plaintiff's burden to establish numerosity. Brumfield v. Rollins Environmental Services, 589 So.2d 35 (La.App. 1st Cir.1991), citing Hatheway v. John, 517 So.2d 1218 (La.App. 4th Cir.1987), writ denied, 520 So.2d 425 (La.1988).
Technically, the motion to certify requested certification of employees "who stand to be separated from their employment ...," not those who had been terminated. Yet the court certified a class of those "who were terminated or who stand to be separated from their employment ...".
We find the trial court erred by certifying the class pursuant to plaintiffs' motion. Lewis and Nixon, as representatives of the potential class, did not carry their burden of establishing that the numerosity requirement for the class (they described in their motion to certify) was met.
The judgment is reversed and the matter remanded for a hearing to determine the numerosity of the class.
REVERSED; REMANDED.