683 So.2d 734 (1996)
Robert C. THOMAS, on Behalf of Himself and a Class of all Other Similarly Situated Schwab Customers, Plaintiffs-Appellees,
v.
CHARLES SCHWAB & CO., INC., Defendant-Appellant.
Robert C. THOMAS, on Behalf of Himself and a Class of all Other Similarly Situated Schwab Customers, Plaintiffs-Appellees,
v.
CHARLES SCHWAB & CO., INC., Defendant-Appellant.
Nos. 95-1405, 95-1279.
Court of Appeal of Louisiana, Third Circuit.
September 25, 1996.
Writ Denied January 24, 1997.
*736 Jeffrey Howerton Thomas, Esq., Natchitoches, Gilbert V. Andry III, New Orleans, Donald G. Kelly, Natchitoches, Walter J. Leger Jr., Jonathan Beauregard Andry, New Orleans, Lionel H. Sutton III, New Iberia, Tyron David Picard, Lafayette, Allan Kanner, Conlee Schell Whiteley, New Orleans, Michael B. Hyman, Christopher J. Stuart, Chicago, IL, Richard Meyer, Steven B. Simon, Woodland Hills, CA, Daniel Harris, Charles Watkins, Keith M. Jensen, Fort Worth, TX, for Robert C. Thomas et al.
Ewell Elton Eagan Jr., New Orleans, Henry Cole Gahagan Jr., Natchitoches, Lewis O. Sams, Coushatta, Donna Phillips Currault, New Orleans, for Charles Schwab & Co., Inc.
Before THIBODEAUX, SAUNDERS and AMY, JJ.
THIBODEAUX, Judge.
Charles Schwab & Co., Inc., a stock brokerage firm, appeals the trial court's judgment certifying a nationwide class of Schwab customers and the denial of its exception of venue. Schwab's appeal was consolidated with its writ application regarding the trial court's denial of its exceptions of lis pendens, improper cumulation of actions, motion to stay, and motion to transfer.
Stock wholesalers make payments to Charles Schwab & Co. in exchange for the customer orders Schwab directs to them. Schwab keeps the payments. The plaintiffs class representatives, Robert C. Thomas and Robert M. Kahn, claim that Schwab breached its fiduciary duty to them and to other class members by not disclosing these payments to its customers.
We affirm for the following reasons.

I.

ISSUES
The issues presented on appeal are whether the trial court erred in: (1) its denial of Schwab's exceptions of lis pendens, improper venue, and improper cumulation of actions; (2) its denial of Schwab's motion to transfer and motion to stay; and, (3) its ruling on class certification.

II.

FACTS
Robert C. Thomas, individually and on behalf of all others similarly situated, filed a petition for damages against Charles Schwab & Co., a California corporation. The suit was filed in the Tenth Judicial District Court in and for the parish of Natchitoches, Louisiana. Dr. Robert M. Kahn, an alleged California domiciliary, was later added as a plaintiff to these proceedings through an amending and supplemental petition.
Schwab acts as an agent for its customers when it negotiates stock trades with stock wholesalers who buy stock from or sell stock to Schwab's customers. Schwab is paid a commission by its customers as compensation for performing its trades. Schwab also receives and keeps "payments for order flow" from the stock wholesalers with whom Schwab negotiated the customers' orders.
Schwab's customers receive a customer agreement which establishes the contractual relationship between Schwab and its customers. It provides that the relationship between Schwab and its customers is governed by California law.
Schwab argues that this case is one of nine duplicative class actions filed in several states. Schwab also alleges that this suit is the same as the one recently affirmed as a statewide class action by the Fourth Circuit Court of Appeal in Dumont v. Charles Schwab & Co., Inc., 95-2010 (La.App. 4 Cir. 2/29/96); 670 So.2d 548.

*737 III.

LAW AND DISCUSSION

A. Lis Pendens
Appellant Schwab alleges that its exception of lis pendens should be granted because Dumont currently exists in Orleans Parish. Louisiana Code of Civil Procedure Article 531 states that when two or more suits in a Louisiana court concern the same transaction or occurrence between the same parties in the same capacities, the defendant may have all subsequent cases dismissed. Although the fourth circuit's decision is not in the record, this court may take judicial notice of the decision under La.Code Evid. art. 202(B)(e) which allows the court to take note of decisions which have the effect of law. Dumont affirmed the Orleans Parish trial court's certification of a class consisting of all Louisiana customers of Schwab.
Lis pendens does not apply in this case. In Spitzfaden v. Dow Corning Corp., 619 So.2d 795 (La.App. 4 Cir.), writ denied, 624 So.2d 1236 (La.1993), the court certified a class even though a pending lawsuit in federal court existed involving the same occurrence and some of the same plaintiffs. Although some of the plaintiffs in this case may also be class members in Dumont, lis pendens does not prevent the formation of a nationwide class. In Dumont, class members consist of Schwab's customers who live within the state of Louisiana, while in this case the parties who seek class certification consist of those who were affected by Schwab's actions nationwide. Certainly, the parties involved in this case overlap with those in Dumont; however, the plaintiffs of each case are different because they appear in different capacities in each case.

B. Venue
Louisiana Code of Civil Procedure Article 76.1 provides that venue is proper in the parish in which a contract is executed. Article 76.1 should be construed as an extension of La.Code Civ.P. art. 42 instead of an exception to Article 42. Jordan v. Central Louisiana Electric Co., Inc., 656 So.2d 988, 989 (La.1995). In Jordan, the court found that a contract may be executed in more than one parish, even if it will not be valid and enforceable until it is signed by all parties. Id. at 989. Further, La.Code Civ.P. art. 76.1 applies to any of the parishes where the contract was executed. Id.
In this case, the contract was signed by the appellee class representative in Natchitoches Parish and then sent to California for the appellant's signature. Once the appellee signed the contract, the contract was executed. Venue is proper in Natchitoches Parish. It is unnecessary to wait until the contract became valid and enforceable.

C. Improper Cumulation of Action
Two or more parties may be joined in the same suit when they share a community of interest, their suits are mutually consistent, and their suits are brought in the court of proper jurisdiction and venue. La.Code Civ.P. art. 463. Schwab concedes that the class representatives share a community of interest and that their actions are mutually consistent. However, Schwab contends that Natchitoches Parish is not the proper venue as to Dr. Kahn. Therefore, the action between Dr. Kahn and Mr. Thomas was improperly cumulated.
Parties who are attempting to certify a class do not first cumulate their actions. The prerequisites to a class action are that the persons of the class are so numerous that it is impracticable to join them all, a member of the class provides adequate representation of the absent members, and the character of the right sought to be enforced by the class members is common among them all. La. Code Civ.P. art. 591. The prerequisites for each action are similar. However, the difference between La.Code Civ.P. art. 591 and art. 463 is that the former is specifically for class actions and the latter is for the cumulation of individual actions.
The use of La.Code Civ.P. art. 591 is proper in this case. Class action is more appropriate than cumulation when there is a large number of plaintiffs or defendants involved. Dumas v. Angus Chem. Co., 25632 (La.App. 2 Cir. 3/30/94); 635 So.2d 446. Mr. Thomas and Dr. Kahn represent a large number of plaintiffs whose membership in the class may change as parties are added and dismissed to this claim. The course of *738 the litigation will be more efficient without the use of cumulation.

D. Motion to Transfer Based on Forum Non Conveniens
Louisiana Code of Civil Procedure Article 123(A) provides that:
[f]or the convenience of the parties and the witnesses ... a district court ... may transfer a civil case to another district court where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this Article.
The court in which a case may have been brought is the court which is located in the parish that has proper venue. La.Code Civ.P. art 41. Venue is proper in Natchitoches Parish. This case may not have been brought in Orleans Parish where venue is improper.
Even if venue was also proper in Orleans Parish, this suit should remain in Natchitoches Parish. The suit was brought in class representative Robert Thomas' domicile. The district court in Natchitoches Parish, Mr. Thomas' domicile, is the court with competent jurisdiction and has proper venue and as such cannot be transferred to another court.

E. Class Certification
Louisiana Code of Civil Procedure Articles 591 and 592 describe the requirements for a class action:
(1) A class so numerous that joinder is not practical;
(2) The joinder of at least one member of the class who is able to provide adequate representation for the absent members; and
(3) A common character among the rights of the representative and the absent class members.
Pellerin v. Louisiana Health Serv. & Indem. Co., 460 So.2d 93 (La.App. 3 Cir.1984). There is no set number of participants needed to satisfy the "numerosity" requirement. Ducote v. City of Alexandria, 95-1197 (La. App. 3 Cir. 3/6/96); 670 So.2d 1378. Courts examine the facts and circumstances of each case to determine whether the class is so numerous that it makes joinder impracticable. Id. The trial court found that the persons constituting the class were too numerous to be joined since there were at least 114 potential class members in Natchitoches Parish alone and that Schwab stipulated to the same. This large number of potential class members surely produces too many plaintiffs to join in a manner conducive to judicial economy.
The requirement of "adequate representation" is satisfied when the claims of the class representatives are typical or a cross section of the claims of all of the members in the class. Dumas, 635 So.2d 446. The trial court found that Robert C. Thomas and Robert M. Kahn were adequate class representatives because their claims were typical of those of all class members. Since their claims are consistent with those of the overall class, Mr. Thomas and Dr. Kahn will provide fair and adequate representation for all of the class members.
The "common character" requirement only allows class actions to be certified in cases where it would achieve economy of time, effort, expense, and provide for uniform outcomes for similarly situated plaintiffs. McCastle v. Rollins Envtl. Services, 456 So.2d 612, 616 (La.1984). The district court found no material difference between the claims of the class representatives and those of the absent class members. It noted the absence of differences which would prevent class certification and stated the court would consider the use of case management techniques to handle any material differences which may later arise. Given the evidence provided at this time, creating a class of individuals who have similar rights will achieve more efficient outcomes than allowing separate actions to proceed.
A trial court has broad discretion to certify a class through its analysis of the facts and circumstances before it. Ducote v. City of Alexandria, 670 So.2d 1378. The trial court's decision cannot be overturned *739 absent manifest error. Spitzfaden, 619 So.2d 795. Until the decision on the merits is rendered, the court may alter or amend its decision to certify a class. La.Code Civ.P. art. 593.1(B). Based on the evidence that is currently in the record, the trial court did not abuse its broad discretion to certify the class. There is no manifest error in the court's judgment. All of the requirements for class certification under La.Code Civ.P. art. 591 and 592 were met.

IV.

CONCLUSION
For the foregoing reasons, the judgments of the trial court are affirmed.
AFFIRMED.
AMY, J., dissents.