708 So.2d 777 (1998)
Marilyn SPITZFADEN, Individually, and as a Representative of a Class of Those Similarly Situated
v.
DOW CORNING CORPORATION, et al.
Nos. 97-CA-1011, 97-CA-1779.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1998.
Rehearing Denied March 16, 1998.
Louisiana Plaintiffs' Steering Committee, New Orleans, Vance R. Andrus, Chair, Plaintiffs' Steering Committee, Andrus, Boudreaux, Lemoine & Tonore, Lafayette, Wendell H. Gauthier, Chair, Bristol-Myers Squibb Subdivision, Gauthier, Downing, LaBarre, Beiser & Dean, Metairie, Dawn M. Barrios, Chair, Dow Chemical Subdivision, Barrios, Kingsdorf & Casteix, L.L.P., New Orleans, Walter J. Leger, Jr., Christine L. Desue, Leger & Mestayer, New Orleans, for Louisiana Plaintiffs' Steering Committee.
Joseph Maselli, Jr., E. Ashley Carter, Plauche, Maselli & Landry, New Orleans, John J. Weigel, Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, William D. Eggers, Nixon, Hargrave, Devans & Doyle, LLP, Rochester, NY, for Defendant/Appellee Corning Incorporated.
Charles M. Steen, Phelps Dunbar, L.L.P., New Orleans, David L. Carrigee, Burke & Mayer, New Orleans, H. Alston Johnston, III, Phelps Dunbar, L.L.P., Baton Rouge, for Dow Chemical Company.
Before KLEES, LANDRIEU and CIACCIO, JJ.
*778 CIACCIO, Judge.
These consolidated appeals arise from a ruling of the trial court granting summary judgment in favor of Corning, Inc. in this long-standing breast implant litigation. In this judgment, the trial court dismissed plaintiffs' claims against Corning, Inc. and further dismissed Dow Chemical's crossclaim against Corning for contribution. Plaintiffs and Dow Chemical have both appealed from this judgment.

Background Facts and Procedural History
In 1943, Dow Corning was incorporated as a Michigan corporation with two equal shareholders: Dow Chemical Company and Corning, Inc. In the early 1960's, Dow Corning Corporation developed a silicone breast implant product and began selling it commercially in 1964. In recent years, certain breast implant recipients have sued Dow Corning alleging a variety of illnesses purportedly caused by the breast implants.
This state court action was originally brought as a products liability claim in February 1992 by Marilyn Spitzfaden and eight others on behalf of a purported class of an estimated 1800 Louisiana residents for personal injuries allegedly caused by silicone gel breast implants. In the original petition, Dow Corning Corporation was named as the sole defendant as the manufacturer of the breast implants. The trial court certified the action as a class in April of 1992, and this ruling was affirmed by this Court. Spitzfaden v. Dow Corning, Corp., 619 So.2d 795 (La.App. 4th Cir.), writs denied, 624 So.2d 1236 (La.1993).[1]
As the result of the proliferation of lawsuits filed against it, Dow Corning filed for protection under Chapter 11 of the United States Bankruptcy Code and all proceedings against it were stayed. Thereafter, on March 3, 1994, plaintiffs filed a Third Supplemental and Amending Petition to name some forty-eight new defendants, including the two shareholders of Dow Corning, Dow Chemical Company and Corning, Inc. Plaintiffs reiterated by reference the allegations of their original petition and alleged that the added defendants were liable as manufacturers or distributors of the breast implant.
During the same time period, lawsuits were filed across the country against these defendants in federal courts and were consolidated into one court charged with the responsibility of handling the multi-district litigation. In 1993, the federal judge handling the multi-district litigation found no basis for imposition of indirect liability on the part of Corning or Dow Chemical based on their shareholder status with Dow Corning and entered an interlocutory order in favor of Corning and Dow Chemical. In 1995, after further discovery had been completed, the federal court granted Corning, Inc.'s motion for summary judgment, but denied Dow Chemical's identical motion on the basis that the litigants could pursue a claim against Dow Chemical based on Section 324A of the Restatement of Torts, negligent undertaking of a duty. See, In re Silicone Gel Breast Implants Products Liability Litigation (MDL 926), 837 F.Supp. 1128 (N.D.Ala. 1993), modified, 887 F.Supp. 1455 (N.D.Ala. 1995).
On August 14, 1996, plaintiffs filed their Fifth Supplemental and Amending Petition to include allegations of negligence only against defendant Dow Chemical Company based on the tort theory of negligent undertaking of a duty as referred to in the federal court proceedings. Plaintiffs specifically alleged in this petition that Dow Chemical was directly involved in testing of the toxicology of silicone and that Dow Corning had relied on this testing. Plaintiffs alleged that by testing this product, Dow Chemical assumed a duty to breast implant recipients by undertaking to perform services to Dow Corning that Dow Chemical should have recognized was necessary for the protection of third persons. Plaintiffs alleged that Dow Chemical was negligent in its performance of this *779 duty. In addition to these allegations, plaintiffs further alleged that Dow Chemical had entered into joint development agreements and a trademark agreement with Dow Corning sufficient to impute liability to Dow Chemical. Further, plaintiffs alleged that Dow Chemical was involved in distributing breast implants through one of Dow Chemical's subsidiaries, Lepetit. Corning, Inc. was not named as a defendant in this supplemental petition.
In response to this petition, Dow Chemical filed an answer to plaintiffs' allegations and a cross-claim against Corning, Inc. In this pleading, Dow Chemical denied all liability to plaintiffs and specifically denied that any of plaintiffs' allegations created a claim against Dow Chemical as the breast implants were manufactured only by Dow Corning, a separate corporation. However, Dow Chemical alleged in its cross-claim that if it were found liable to plaintiffs, Corning as an equal shareholder would be liable for contribution for any amounts that Dow Chemical was cast in judgment.
Corning responded with a motion for summary judgment.[2] In its motion, Corning sought to be dismissed from the amended suit brought by plaintiffs as well as from the cross-claim brought by Dow Chemical. By judgment dated February 21, 1997, the trial court granted Corning, Inc.'s motion, dismissing plaintiffs' claims and the cross-claim of defendant, Dow Chemical.
Both Dow Chemical and plaintiffs have appealed from this judgment. The two appeals have been consolidated in this Court. The matter proceeded to trial against Dow Chemical.[3]

Issue
The sole issue presented for our review is whether the trial court erred in granting summary judgment in favor of Corning, Inc.

Standard of Review
Appellate courts review summary judgments de novo. A motion for summary judgment which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. La.Code of Civ. Proc. art. 966 C(1). An issue is genuine if reasonable persons could disagree. Smith v. Our Lady of the Lake Hospital, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. If, on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for trial on that issue. Id. Pursuant to the 1996 amendments to La.Code of Civ. Proc. art. 966, summary judgments are now favored, and the rules regarding such judgments should be liberally applied. La.Code of Civ. Proc. art. 966 A(2); Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490.
Paragraph C of Article 966, added by Acts 1997, No. 483, Section 1, states as follows:
(1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

*780 Discussion

On appeal, Dow Chemical contends that Corning's relationship to Dow Corning is indistinguishable from that of Dow Chemical, and that the two equal shareholders should be treated based on the same factual and legal standards. In response, Corning argues that Dow Chemical's relationship with Dow Corning is distinguishable in that Dow Corning relied on toxicological testing of silicone performed by Dow Chemical prior to the marketing of the breast implants by Dow Corning. Further, Corning argues that based on this fact, no other court has denied a motion for summary judgment brought in any state or in the federal court multi-district litigation. Dow Chemical points out, however, that numerous courts have granted summary judgment to Dow Chemical, although the court in the federal multi-district litigation on reconsideration denied its motion for summary judgment.
Dow Chemical's final argument on appeal is that the summary judgment on its crossclaim for contribution was premature as the trial against Dow Chemical on the allegations of the Fifth Supplemental and Amending Petition had not yet begun at the time the summary judgment was rendered and the record is therefore incomplete. We find Dow Chemical's arguments to have merit.
In their third amending petition, plaintiffs alleged that Dow Chemical and Corning, Inc., as well as 46 other defendants, "manufactured, distributed, fabricated, supplied, or placed in commerce some or all of the components of breast implants...." In support of their motion for summary judgment as to plaintiffs' allegations, Corning submitted the affidavit of A. John Peck, Jr., the Secretary of Corning, Inc., who stated that Corning did not design, make or supply, or place in commerce, breast implants or any components thereof. Corning also relied on decisions from other jurisdictions[4] which have granted its motions for summary judgment brought in response to suits brought by breast implant recipients.
In its cross-claim, Dow Chemical asserts the following allegations against Corning, Inc.:
1. Corning developed the original silicone technology that it transferred to Dow Corning at its formation.
2. Corning has the same shareholder relationship with Dow Corning as does Dow Chemical; has an equal number of nominees on Dow Corning's board, has received the same amount of dividends and has exchanged information with Dow Corning through its shareholder relationship.
3. Corning scientists published one of the first articles on silicone research to appear in a professional journal.
4. Corning performed research on and tested certain silicone materials in the 1940s and 1950s. These materials include DC 200 silicone fluid and "Silastic" silicone elastomers that Dow Corning eventually used in its silicone breast implants.
5. Corning entered into a trademark agreement with Dow Corning in 1975, as did Dow Chemical.
6. One of Corning's subsidiary companies, Hazelton, was involved with breast implants and silicone testing.
In its motion for summary judgment filed in response to these allegations, Corning contends that the basis for plaintiffs' claims against Dow Chemical was Dow Chemical's specific role in toxicological testing on silicone products upon which Dow Corning relied and which was performed immediately prior to the marketing of the breast implants by Dow Corning. Corning admits that it performed early testing on silicone products, but contends that it had no role in the toxicological testing leading up to the introduction of breast implants by Dow Corning in 1964.
Corning contends that plaintiffs have not pled any grounds for direct liability against them. Corning further contends that because plaintiffs failed to state a cause of action against them, Dow Chemical does not *781 have a valid claim for contribution because the sole source for contribution is subrogation. Corning argues therefore that the summary judgment granted by the trial court on both plaintiffs' allegations and on Dow Chemical's cross-claim was proper. We disagree.
Plaintiffs filed suit against Corning, Inc. alleging it was liable as a manufacturer, fabricator, distributor or supplier of breast implants. Although Corning contends that there is no factual dispute that Corning is a manufacturer and that plaintiffs do not contest this fact, we do not find this to be the case. The record in this case shows that plaintiffs opposed Corning's motion for summary judgment at the trial level and argued that Corning should remain in the case based on its role in developing the original silicone technology and performing testing on the silicone gel which was used in the manufacturing of the breast implants. Although plaintiffs did not assert specific allegations of negligent undertaking against Corning, their general claims against Corning, Inc. are broad enough to include Corning's role in sharing research, testing and technology with Dow Corning. Under this factual situation, we are unable to find that Corning, Inc. is entitled to judgment as a matter of law at this point.
In reaching this conclusion, we are particularly persuaded by the allegations of plaintiffs' petition against Dow Chemical which refers to Dow Chemical's early role in the formation of Dow Corning. In plaintiffs' Fifth Supplemental and Amending Petition, we find that plaintiffs rely heavily in their claims against Dow Chemical on facts which are equally applicable to Corningshareholder status, board representation, trademark agreements and the provision of general research services to Dow Corning. It is on these allegations that Dow Chemical relies in bringing its cross-claim against Corning. These allegations will obviously play a part in any judgment rendered against Dow Chemical, and if the summary judgment were allowed to stand, Dow Chemical will be precluded from seeking Corning's contribution to a judgment that may equally involve Corning. The effect of the trial court's judgment is to penalize Dow Chemical for plaintiffs' failure to include Corning in its amended lawsuit when the evidence presented at this point fails to indicate a substantial distinction between the two shareholders.
In fact, we are unable to determine from the record any material differences with respect to plaintiffs' claims between the two shareholders of Dow Corning. Both Corning and Dow Chemical performed early research and testing of silicone. Although Corning contends that the silicone chemistry testing it performed was not done for the purposes of human implantation and was completed years before the breast implants were invented, we fail to find that Dow Chemical's position is substantially different. The fact that Corning discontinued its research and testing prior to that of Dow Chemical is insufficient to prove that Corning played no role in the development of the breast implants. The record is unclear as to what testing and research was relied upon by Dow Corning in the development of its product.
Further, although Corning relies on the decision in the federal multi-district litigation that there is a jury question with regard to Dow Chemical's duty but not with Corning, we do not find this decision to be controlling here. Plaintiffs in that case sought to hold Corning liable under a joint venture theory, which the court found did not exist. Further, in the federal court case, Dow Chemical did not file a cross-claim against Corning as was brought in the present case.
Based on the current posture of this case, we hold that it was error for the trial court to enter judgment in Corning's favor when the claims against Dow Chemical are yet unresolved. The trial court did not assign reasons for granting the summary judgment, and we can find no basis in the record for the disparate treatment between these two equal shareholders. This holding should not be construed to suggest that any liability may be imposed on Corning based on the allegations of plaintiffs' petition and Dow Chemical's cross-claim. We find simply that based on the relationship of the two shareholders and their similar positions with Dow Corning as is evidenced by the allegations of plaintiffs' *782 petition, the summary judgment of the trial court was premature.

Conclusion
Accordingly, for the reasons stated herein, the judgment of the trial court dated February 21, 1997 granting summary judgment in favor of Corning, Inc. is hereby vacated. The case is remanded to the trial court for further proceedings.
VACATED AND REMANDED.
NOTES
[1] Dow Chemical has filed a supplemental brief in this court on the basis of a December 1, 1997 ruling of the trial court recalling the class certification order based on the Supreme Court's recent decision in Ford v. Murphy Oil U.S.A., Inc., 96-2913 (La.9/9/97), 703 So.2d 542. However, that ruling occurred after the lodging of the appeals in this case and cannot be considered by this Court in rendering this decision.
[2] Dow Chemical also filed a motion for summary judgment as to plaintiffs' allegations. The trial court denied this motion and that ruling is not part of this appeal.
[3] Although Dow Chemical refers in brief to the proceedings in the trial court, the trial against Dow Chemical began after the appeals in this case were lodged and the trial court proceedings are not part of the record before us. These proceedings cannot be considered on appeal.
[4] State courts in California, Connecticut, Illinois, Indiana, Michigan, Mississippi, New Jersey, New York, Tennessee and Texas have granted summary judgment in favor of Corning, Inc. Corning, Inc's motion for summary judgment was also granted and affirmed on rehearing by the federal court in the multidistrict litigation.