# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1075


**GRADY P. GALLAND**

**VERSUS**

**HEIDI MAHL GALLAND**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2009-4104-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.


                                                             **REVERSED.**


**Cory Paul Roy**
**Law Offices of Cory P. Roy**
**107 North Washington Street**
**Marksville, LA 71351**
**Telephone:  (318) 240-7800**
**COUNSEL FOR:**
       **Plaintiff/Appellee - Grady P. Galland**

**Laura Bishop Knoll**
**Knoll Law Firm, LLC**
**P. O. Box 426**
**Marksville, LA 71351**
**Telephone:  (318) 253-6200**
**COUNSEL FOR:**
       **Defendant/Appellant - Heidi M. Galland**

**THIBODEAUX, Chief Judge.**

In this domestic dispute, Heidi Mahl Galland appeals the trial court's grant of primary domiciliary status of her two minor children, Colin and Cadence, to her ex-husband, Grady Galland. She also appeals the trial court's judgment finding that both children should attend St. Mary's School in Cottonport, Louisiana. Heidi argues that the issue of custody was not properly before the trial court; thus, the trial court erred by granting primary domiciliary status to Grady. She also asserts that the trial court abused its discretion by impermissibly intertwining the issue of school choice with the issue of custody and by ignoring evidence favoring Nachman Elementary School in Alexandria. For the following reasons, we reverse the judgment of the trial court.

## I.

## ISSUES

We will consider whether the trial court erred:

(1)    by awarding primary domiciliary status of Colin and Cadence to Grady;

(2)    by determining that both children should attend St. Mary's.

## II.

## FACTS AND PROCEDURAL HISTORY

Heidi and Grady married in 2004 and have two children together, Colin, age 8, and Cadence, age 3. In 2009, the parties divorced, citing irreconcilable differences. Neither party disputes that both parents are loving, fit parents.

The parties entered into a stipulated Consent Judgment dated December 23, 2009, awarding them joint custody and co-domiciliary status. The parties shared physical custody on a week-by-week (7/7) basis. At the time of the divorce, both parties lived in Plaucheville, Avoyelles Parish, Louisiana. Heidi subsequently moved to Alexandria, Louisiana. Shortly after Heidi moved, Grady sought and obtained an order from the trial court that Colin would attend St. Mary's for the 2010-2011 school year. Colin attended St. Mary's for the 2010-2011 school year. The parties continued to share custody on a 7/7 basis despite the increased distance between their homes.

In January 2011, Grady filed a Motion to Compel Psychological Evaluations of both parties and their children to determine the optimal custodial and school arrangements. In June 2011, Grady filed a Motion for Contempt because Heidi was contemplating enrolling Colin in Nachman despite the previous judgment allowing him to attend St. Mary's until further order of the court. In July 2011, Heidi filed a Rule for Declaration on School Attendance ("Rule to Declare School"), seeking an order allowing Colin to attend Nachman for the 2011-2012 school year. The trial court deferred these various motions and rules pending the results of the independent psychological evaluation ordered by court. Indeed, the trial court ordered Dr. Daniel Lonowski to evaluate the parents and the children in the fall of 2011.

While the trial court motions were pending, Heidi and Grady reached a verbal agreement whereby Colin would attend Nachman for the 2011-2012 school year. The parties also verbally agreed to modify the shared 7/7 custody plan such that the children remained with Heidi during the school week. The parties sought to minimize travel time and maximize stability for the children. At

2

that time, Colin attended Nachman, and Cadence attended Calvary Daycare in Alexandria. Grady later changed his mind about Colin's schooling, feeling that Colin "would be more comfortable at St. Mary's." Nevertheless, Colin finished the school year at Nachman, achieving the A/B Honor Roll.

Dr. Lonowski conducted the psychological evaluations over several sessions in October and November 2011. In December 2011, he issued a written report containing his recommendations for school choice and custody. With regard to school choice, Dr. Lonowski recommended that Colin remain at Nachman. Specifically, he concluded that remaining at Nachman afforded Colin the most stability. Moreover, he adjudged Nachman an academically superior school to St. Mary's.

At the start of trial, the parties stipulated that the only issues before the court were the two contempt rules filed by Grady and the Rule to Declare School filed by Heidi.[1] With regard to the Rule to Declare School, the parties presented evidence as to the reputations and quality of the two schools as well as competing evidence as to which school would be best for Colin.

Heidi called Dr. Lonowski to testify, and on direct examination, Dr. Lonowski began to outline his recommendations as to custody. Grady objected on the grounds that the issue of custody was not before the court. The trial court sustained Grady's objection, limiting Dr. Lonowski's testimony to his opinions about where Colin should attend school. Dr. Lonowski then testified that his research revealed that Nachman was superior academically to St. Mary's, and the teacher-student ratios were more favorable at Nachman than at St. Mary's. He

---

[1]The trial court absolved Heidi of any allegations of contempt. The contempt rules were not appealed, and we will not discuss them here.

opined that Colin should remain at Nachman. He conceded, however, that a transition back to St. Mary's would not be difficult because Colin had previously attended St. Mary's. Heidi also introduced evidence of Colin's success at Nachman. He achieved the A/B Honor Roll and made numerous friends.

Grady testified that St. Mary's would be the best educational choice for Colin. He pointed to the size of the school, Colin's familiarity with the school, and the proximity of Colin's extended family to St. Mary's.

In its written Reasons for Ruling, the trial court rendered a Considered Decree, granting the parties joint custody on a "9/3 split" and appointing Grady the primary domiciliary parent. Specifically, the trial court ordered the children to reside with Grady during the school week, with Heidi receiving visitation every other weekend, with an additional two evenings during the month for dinner. The trial court granted Heidi increased visitation during the summer months. The Considered Decree further ordered both children to attend St. Mary's in Cottonport.

Heidi appeals the trial court's judgment.

### III.

### <u>LAW AND DISCUSSION</u>

#### Standard of Review

Where there has been an error of law, a de novo review is required in a child custody case. In *Evans v. Lungrin*, 97-541 (La. 2/6/98), 708 So.2d 731, the supreme court discussed the appellate review standard where the trial court has committed legal error. It stated:

> [W]here one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no

longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent *de novo* review of the record and determine a preponderance of the evidence. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. When such a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts *de novo*.

*Evans*, 708 So.2d at 735 (citations omitted).

### Improper Unilateral Expansion of the Pleadings by the Trial Court

Heidi contends that the trial court committed legal error by changing domiciliary status because that issue was not pled by either party. We agree. In *Domingue v. Bodin*, 08-62, p. 3 (La.App. 3 Cir. 11/5/08), 996 So.2d 654, 657 (alterations in original), we evaluated a similar issue and explained the powers of the trial court:

Pursuant to La.Code Civ.P. art. 191 "[a] court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law." From that grant of power, trial courts are vested with authority, under La.Code Civ.P. art. 862 to grant relief to the party in whose favor the final judgment rendered was entitled, even if the party has not demanded such a relief in his pleadings and the latter contain no prayer for general and equitable relief. Accordingly, "under proper circumstances proof beyond the pleadings, even if objected to, may be admitted and considered when *permission to amend the pleadings is requested and granted*." La.C.C.P. Art. 1154. (emphasis supplied). *Ussery v. Ussery*, 583 So.2d 838, 841 (La.App. 2 Cir.1991) (*citing Guillory v. Buller*, 398 So.2d 43 (La.App. 3 Cir.1981)). However, notwithstanding this authority, "nothing in the article [art. 862] is intended to confer jurisdiction on a court to decide a controversy which the parties have not regularly brought before it." *Id.* Otherwise, "[a] judgment beyond

5

the pleadings is a nullity." *Id.* at 841, *citing Romero v. State Farm Fire & Casualty Co.*, 479 So.2d 694 (La.App. 3 Cir.1985).

Here, neither party requested nor was granted permission to amend the pleadings to request a change in domiciliary status. Indeed, the parties stipulated at the beginning of trial that the only issues before the court were the contempt issues and the issue of school choice. The trial court clearly recognized this stipulation when it sustained Grady's objection to Dr. Lonowski's testimony regarding custody.[2] Thus, the trial court went beyond the scope of the pleadings to unilaterally expand them to award Grady primary domiciliary custody of the children, which is clearly "a controversy which the parties have not regularly brought before it." *Ussery*, 583 So.2d at 841. The trial court exceeded its authority by awarding primary domiciliary status to Grady.

**School Choice**

Heidi argues that the trial court abused its discretion by concluding that both children should attend St. Mary's school in Cottonport. Upon de novo review, we find that the trial court inextricably intertwined the issue of school choice with the issue of custody determination. In its reasons for judgment, the trial court states:

> Ms. Mahl asserts, and the court does not contest, that Nachman Elementary is a 'better' school than the St. Mary [sic] parochial school which exists in Cottonport. However, this court does not grant custody solely on one

---

[2]Grady cites *Barham & Arceneaux v. Kozak*, 02-2325 (La.App. 1 Cir. 3/12/04), 874 So.2d 228, *writ denied*, 04-930 (La. 6/4/04), 876 So.2d 87, for the proposition that a timely objection to an attempt to enlarge the pleadings coupled with a failure to move to amend the pleadings is fatal to an issue not raised in the pleadings. While we agree with the holding in *Barham*, we note that it was Grady who objected to an enlargement of the pleadings by seeking to sustain Dr. Lonowski's statements regarding custody. Thus, Grady's argument supports Heidi's cause. Grady's actions proved fatal to the custody issue.

factor, such as one school out rating [sic] another by some third parties [sic] grading scale.

It is clear that the trial court made the decision about school choice based upon its ruling regarding custody, an issue that was not properly before the court. In doing so, the trial court ignored several relevant pieces of evidence favoring Nachman.

The record indicates that Colin transferred to Nachman Elementary after both parties met and decided that Nachman was a better academic choice. Once there, he thrived. Specifically, he made the A/B Honor Roll, and he adjusted well socially. Nothing in the record suggests that attending Nachman has had a deleterious effect on Colin.

To the contrary, the evidence suggests that Nachman is an excellent school and a supportive environment for Colin. The court-appointed expert, Dr. Lonowski, testified that Nachman was the highest rated school in the district, and "[i]n most ways superior to most of the schools in Louisiana." Moreover, Dr. Lonowski noted that the teacher-student ratio is more favorable at Nachman, and fewer students are placed in each classroom than at St. Mary's.

Because we find that custody was not at issue before the court, we conclude that the trial court erred in linking the two issues and ignoring the overwhelming evidence supporting Nachman Elementary as the better choice for Colin.

IV.

## <u>CONCLUSION</u>

For the reasons articulated above, we reverse the judgment of the trial court as to both custody and school choice. Costs of this appeal are assessed against Grady Galland.

**REVERSED.**