AMY, J.,
dissenting.
Iil respectfully dissent from the majority opinion. As the majority recognizes, the pleadings in this case did not offer the trial court distinct, adverse filings regarding change of custody and request for relocation. In my view, however, both issues were before the trial court.-.
For example, the interplay of the parties’ adverse requests -may be seen in the petition to modify custody. This pleading by Mr. Melvin references Ms. Miller’s request for relocation and appends Ms. Miller’s'relocation notice as well as Mr. Melvin’s related objection. Furthermore, the parties were aware of the matters under consideration by the trial court on the date of the hearing. The trial court clearly expressed at that time which issues were under consideration. It did so without Ms. Miller’s objection. Instead, both parties presented evidence and related testimony supporting their respective positions of relocation and change of custody.
Louisiana Code of Civil Procedure Article 1154 addresses amendment of the pleadings and instructs that:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upomotion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall |2do so freely when the presentation of the merits of the action will be subserved -thereby, and the objecting- party fails to satisfy the court that the admission of such, evidence would- prejudice him in maintaining his action or-defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
*842 See also La.Code Civ.P. art. 865 (providing that “[e]very pleading shall be so construed as to do substantial justice.”).
Referencing Article 1154, the second circuit has recently expláined that:
When the pleading in question is construed in its entirety and with all other matters occurring during trial which relate to the pleading, and it is more reasonable than not to conclude that the adverse party received fair notice and was fairly informed of the pleading’s intended substantive result and procedure by which that result was intended to be accomplished, the pleading will be held to be legally effective and to satisfy the requirements of the Code of Civil Procedure which are raised in objection to the pleading.
Zimmerman v. Progressive Sec. Ins. Co., 49,982, pp. 6-7 (La.App. 2 Cir. 8/12/15), 174 So.3d 1230, 1236. Again, Mr. Melvin’s pleading annexed the pre-existing request for relocation and, without objection, the parties addressed the issues before the court at the hearing by presenting evidence and testimony. See Galland v. Galland, 12-1075 (La.App. 3 Cir. 3/20/13), 117 So.3d 105 (wherein a panel of this court concluded that the trial court erred in unilateral!y expanding the pleadings over objection of the mother and awarding primary custody to the father when the parties had not placed that issue before it).
In addition to the absence of objection below, Ms. Miller does not now object to the trial court’s consideration of both issues. Accordingly, I find that the scope of review must be confined to the sole and narrow issue raised by Ms. Miller, i.e., “[wjhether or not the trial court committed manifest error in not allowing Appellant to relocate with the child to Hammond, Louisiana.” As the majority opinion instead resolves this matter upon a finding of legal error and resulting de novo review, I respectfully dissent.