[, ARMSTRONG, Judge.
In this somewhat unusual writ application, the plaintiff seeks writs to review the trial court’s decision to transfer his case to another parish instead of dismissing it for improper venue. After clarifying the point that seems to be the plaintiffs primary concern, and thus, we believe, alleviating the plaintiffs primary concern, we will affirm the judgment of the trial court.
The plaintiffs petition and the uncontested evidence submitted in support of the defendant’s exception of improper venue establish that: the plaintiff allegedly was injured in a maritime accident in the Gulf of Mexico outside the territorial boundaries of Louisiana; the plaintiff is a resident of Mamou, Louisiana; the Secretary of State’s records establish that the defendant is a Delaware corporation qualified to do business in Louisiana and the defendant’s designated principal business establishment in Louisiana is in Lafayette Parish; and while the defendant has a small office in Orleans Parish, that office had no supervision over the activities from which the plaintiffs claim arises. The defendant filed an exception of improper venue, and the plaintiff filed no opposition to that exception. The trial [¡..court maintained the exception of improper venue, held that the only proper venue was Lafayette parish, and transferred the case to Lafayette Parish.
The plaintiff does not argue that venue is proper in Orleans Parish. Also, the plaintiff explains that he decided not to contest the exception of improper venue in light of the evidence presented by the defendant in support of that exception. However, the plaintiff states that he expected that the trial court would simply dismiss his case without prejudice, that he did not expect that the trial court would hold that Lafayette Parish is the only proper venue and that he did not expect that the trial court would transfer the case instead of dismissing it without prejudice.
The first argument in plaintiffs writ application is that, under the standards for determining whether, upon the maintaining of the exception of improper venue, the case should be dismissed or transferred, this case should have been dismissed rather than transferred. The trial court may transfer a case to another venue, rather than dismissing it, “in the interest of justice.” La. Code Civ.Proc. arts. 121, 932. The jurisprudential rule that has evolved is that, unless the plaintiff has knowingly filed suit in the wrong venue, the case should be transferred rather than dismissed. Marler v. Petty, 94-1851 (La.4/10/95), 653 So.2d 1167; Habig v. Po *920 peye’s Inc., 553 So.2d 963 (La.App. 4th Cir.1989).
In the present case, the pleadings in the trial court and the plaintiffs writ application itself show that the plaintiff filed suit in Orleans Parish because the defendant has an office there and the plaintiff believed that venue was proper in Orleans Parish under Article 77 of the Code of Civil procedure. When the ^defendant presented uncontested evidence, in support of its exception of venue, that the defendant’s Orleans Parish office was very small (one salesmen and one secretary) and had exercised no supervision over the operations in which the plaintiff was allegedly injured, it became apparent that Article 77 is not applicable and that, consequently, Orleans Parish is not the proper venue. Thus, this is not a case in which the plaintiff knowingly filed suit in an improper venue. Therefore, this is a case which should be transferred to a proper venue rather than dismissed. Marler, supra; Habig, supra. The Code provisions for transfer rather than dismissal are generally favorable to plaintiffs because, normally, one would assume that the plaintiff would prefer transfer rather than dismissal. The present case is something of an oddity in that the plaintiff would prefer dismissal rather than transfer. But, nevertheless, under the Marler and Habig standard, the trial court did not err by deciding to transfer rather than dismiss.
The plaintiff also complains that he was surprised by the trial court’s holding that Lafayette Parish is the only proper venue and by the trial court’s decision to transfer rather than dismiss because the pleadings filed by defendant (i.e. the exception of improper venue and the supporting brief) sought only dismissal for improper venue and did not request transfer of the case. However, the defendant’s exception and trial court brief, and the evidence presented in support of the exception, assert, with apparent good grounds, that the only proper venue for this action is in Lafayette Parish. Also, the Code of Civil Procedure, of which all litigants are on notice, specifically provides that the trial court may transfer instead dismiss, La.Code Civ.Proc. arts 121, 932, so the trial court is not bound by the defendant’s prayer for dismissal. Thus, the plaintiff was on notice that the case might be transferred rather than dismissed.
Moreover, the plaintiff was represented by counsel (although not the same attorney as appears in the present writ application) at the hearing on the venue exception and, from the transcript, it is apparent that the trial court announced its intention to transfer the ease to Lafayette Parish and it appears that the plaintiffs counsel had no objection to that.
BY MR. DINGLEMAN:
Good morning, Your Honor. Anthony Dingleman on behalf the plaintiff, Hilton Simien.
BY MS. HEAD:
Good morning. Stacy Head for the defendant, Fairfield Industries. It was my understanding this is an unopposed—
BY MR. DINGLEMAN:
That is correct, your Honor.
BY THE COURT:
Okay. And, that’s my understanding, too.
Go ahead.
BY MR. DINGLEMAN:
Our only concern was that the record reflect that the dismissal be without prejudice, that the delays for prescription haven’t run, and afford us an opportunity to file it in the appropriate venue.
BY THE COURT:
I was going to do better than that. I was going to grant the exception of prescription and then ordered it transferred. So, if you ordered it transferred, it’s intact. Do you follow what I am saying?
BY MR. DINGLEMAN:
*921 IsYeah.
BY MS. HEAD:
I don’t know where he wants to have it transferred—
BY THE COURT:
Well, I know where it has to go -
BY MS. HEAD:
Lafayette.
BY THE COURT:
That’s correct.
BY MS. HEAD:
I’d have no object to that, Your Hon- or.
BY THE COURT:
Where else would you send it? You can’t send it to the Gulf of Mexico?
BY MS. HEAD:
Yes, sir.
BY THE COURT:
All right. So, we’re going to transfer it to Lafayette Parish pursuant to Article 42 of the Code of Civil procedure, all right?
BY MR. DINGLEMAN;
Thank you, your Honor.
BY MS. HEAD:
Thank you.
Further, the plaintiffs writ application does not even suggest any parish other than Lafayette Parish which might be a proper venue for this case much less present any information or legal authority to contradict the trial court’s apparently sound conclusion that Lafayette Parish is the only proper venue for this case. Thus, we can see no prejudice to the plaintiff.
| fiIt appears that the plaintiffs chief concern, and apparent principal reason for bringing this writ application, is the preservation of the plaintiffs rights (whatever they might be, if any) to refile this case in federal court, specifically, the United States District Court for the Western District of Louisiana. In order to alleviate the plaintiffs concern, we clarify here that the trial court’s judgment does not affect whatever rights the plaintiff might have, if any, to file suit in federal court -with respect to the same alleged injury, etc. as is the basis for the present suit. The trial court’s judgment addressed only venue and that means venue within the judicial system of the State of Louisiana. Whether the plaintiff may file suit in federal court and, if so, which federal court, are issues of federal law to be decided by a federal court.
With the foregoing clarification given, the writ application is denied.

WRIT DENIED.