I,PER CURIAM.
In an earlier disposition in this case, the court of appeal maintained relators’ exception of improper venue. Nothing in the court’s opinion discussed the ultimate disposition of the case in light of the judgment maintaining this exception. Rather, the court of appeal’s judgment simply remanded the matter to the district court “to determine whether the actions against the relators should be dismissed, or whether these actions should be transferred to the courts of proper venue.”
On remand, the district court determined the actions should be transferred rather than dismissed. Relators sought supervisory review in the court of appeal, arguing that under the facts of this case, the law did not permit the district court to transfer the actions. The majority of the court of appeal held that its previous disposition provided that the district court had the authority to transfer or dismiss the case. Therefore, applying the law of the case doctrine, the court declined to revisit this issue. Relators then applied to this court.
Under the law of the case doctrine, appellate courts have held they have discretion to not reconsider a previously-decided issue unless they find the previous decision is based on palpable error or that manifest injustice would occur. See Pitre v. Louisiana Tech University, 95-1466 (La.5/10/96), 673 So.2d 585, 589; see also Zatarain v. WDSU Television, 95-2600 (La.App. 4 Cir. 4/24/96), 673 So.2d 1181.
*1048 | ¡¿Based on our reading of the court of appeal’s earlier disposition in this case, the only issue resolved by the court was the exception of improper venue. Any discussion relating to the disposition of the case on remand was dicta. Under these circumstances, the court of appeal erred in applying the law of the case doctrine.
Accordingly, the writ is granted. The judgment of the court of appeal is vacated and set aside, and the case remanded to the court of appeal for reconsideration.
JOHNSON, J., recused.
KIMBALL and KNOLL, JJ., would deny the writ.