1JOAN BERNARD ARMSTRONG, Judge.
The sole issue presented to us in these consolidated writ applications is whether, as to certain defendants as to whom it has been determined that venue is improper, the case should be transferred to proper venues or, instead, dismissed without prejudice. This seemingly routine procedural issue is fraught with weighty substantive consequences because the present case involves alleged liability as to blood transfusions. Apparently, the defendants seek dismissal, even without prejudice, because they believe that two statutes as to blood transfusions enacted in 1999, La. R.S. 9:5628.1 and/or La. R.S. 9:2797, would be applicable to newly-filed actions, but would not apply to the presently pending action. The plaintiffs, apparently apprehensive that the defendants may be correct as to those two statutes, seek transfer rather than dismissal even if the dismissal were to be without prejudice.
The relators, who are some of the defendants, excepted as to venue. The trial court determined that venue is proper and overruled the venue exceptions. The rela-tors, in prior writ applications, sought review as to the venue issue. Aj^prior writ panel of this court determined that venue was improper as to the relators and ordered: “The case is remanded to the trial court to determine whether the actions against relators should be dismissed, or whether those actions should be transferred to courts of proper venue.” Garrison v. St Charles General Hospital, 2001-C-1294 c/w 2001-C-1311 c/w 2001-C-1312 c/w 2001-C-1523 (Jan. 10, 2002) (hereinafter “Garrison I”). Upon remand, the trial court at first decided to dismiss the action as to the relators but then, upon the plaintiffs’ motion for reconsideration decided to transfer the action as to the relators to courts of proper venue. The relators then sought writs for review of the trial court’s decision to transfer rather than dismiss. This panel, in a prior decision of January 15, 2003 in the present writ application proceeding (hereinafter “Garrison II”), affirmed the trial court’s decision to transfer rather than dismiss. In Garrison II, we noted the Garrison I decision’s order (quoted above) that the trial court determine whether to transfer or to dismiss and, pursuant to the “law of the case” doctrine, adhered to that decision of Garrison I. The relators then sought review by writs to the Supreme Court. The Supreme Court granted writs and held that the Garrison I decision’s order (quoted above) that the trial court should determine whether to transfer or dismiss was dicta and, therefore, that the “law of the case” doctrine is inapplicable to that order. Garrison v. St. Charles General Hospital, Nos. 03-CC-0423 c/w 03-CC-0429 c/w 03-CC-0488 (La.Apr. 25, 2003), 845 So.2d 1047 (hereinafter “Garrison III”). The Supreme Court in Garrison III also directed that we should reconsider our decision in Garrison II in | slight of the inapplicability of the law of the case doctrine. This present decision constitutes that reconsideration.
Upon reconsideration, we affirm the trial court’s decision to transfer rather *1094 than dismiss. The Code of Civil Procedure provides that: “When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue.” La.Code Civ. Proc. art. 121. Accord La.Code Civ. Proc. art. 932. It is a very well-established rule of law that transfer, rather than dismissal, is to be employed except when the plaintiff knowingly files suit in an improper venue. Simien v. Fairfield Industries, Inc., 99-2897 (La.App. 4 Cir. 02/09/00), 753 So.2d 918, 919-20. Accord Marler v. Petty, 94-1851 (La.04/10/95), 653 So.2d 1167, 1171; Green v. Alaska Nat. Ins. Co., 99-2844 (La.App. 4 Cir. 03/29/00), 759 So.2d 165, 169. This rule serves efficiency to some extent but, much more importantly, is “in the interest of justice” because it prevents substantive rights being lost, without a determination upon the merits, by becoming time-barred under prescription or per-emption despite having been filed and served timely albeit in the improper venue. That very important purpose is strongly implicated in the present case as discussed at the outset of this opinion. Thus, the trial court was correct in deciding to transfer rather than dismiss.
The relators argue that, in deciding to reconsider its earlier decision to dismiss, and in deciding to instead transfer, the trial court acted improperly because the standards for granting a new trial were not met. See La.Code Civ. Proc. arts.1972, 1973. However, because the trial court’s order to dismiss for | improper venue did not determine the merits, it was an interlocutory ruling, and the trial court had discretion to change that ruling prior to a final judgment. Vasalle v. Wal-Mart Stores, Inc., 01-0462 (La.11/28/01), 801 So.2d 331, 334-36. Thus, the standards for granting a new trial were not applicable.
Relators next argue that, because the claims against them were improperly cu-mulated with the claims against the other defendants (because venue was improper as to the relators), Article 464 of the Code of Civil Procedure is applicable and that, pursuant to that article, the claims against relators must necessarily be dismissed rather than transferred. In making this argument, the relators appear to assume both that cumulation of actions as to the defendants, pursuant to Articles 461-464 of the Code of Civil Procedure, applies to the present case which involves a defendant class, and that the Garrison I decision maintained an exception of improper cumulation of actions. However, in this regard, we note that certain controlling published caselaw of this court, binding upon this panel, and discussed below, was decided after the time that the relators filed their writ applications, so that the relators did not have the benefit of that recent, controlling caselaw.
This case involves both a plaintiff class and a defendant class. It is the defendant class which is of significance here. Because there is a defendant class, there is necessarily no cumulation of actions against any defendants in this case. Class actions and cumulation of actions are distinct procedures which do not overlap. Cumulation of actions is the bringing of claims against multiple | ^individual defendants (or by multiple individual plaintiffs) in the same action. La.Code Civ. Proc. art. 461 et seq. A class action is the bringing of claims against all members of a defined class (or by all members of a defined class) without actually naming as parties all of the class members. La.Code Civ. Proc. art. 591 et seq. Accordingly, there are distinct requirements for cumu-lation of actions, La.Code Civ. Proc. art. 463, and entirely separate distinct requirements for class actions, La.Code Civ. Proc. *1095 art. 591. Class actions are subject to the additional procedure of class certification. La.Code Civ. Proc art. 592. Thus, while cumulation of actions and class actions share a superficial similarity in that both are mechanisms for aggregation of claims by plaintiffs or claims against defendants in a single proceeding, they are distinct procedures, provided for by different articles of the Code of Civil Procedure, with distinct requirements. The requirements of either one of these procedures cannot be superimposed upon the other procedure because the legislature, in the Code of Civil Procedure, has provided specific, distinct requirements for each of these procedures.
In a recent decision, in which this court held that “the putative class currently before the court will not be disassembled based upon statutory provisions relating to cumulation of actions,” Thomas v. Mobil Oil Corp., 2002 1904 (La.App. 4 Cir. 03/19/03), 843 So.2d 504, we denied the defendants’ exception of improper cumulation in a class action and explained that, when there is a plaintiff class, there is no cumulation of plaintiffs:
[ (¡Defendants have also filed an exception of improper cumulation of action under Article 926(7) (based on the provisions of 506 Article 463) of the Code of Civil Procedure. Cumulation is not relevant to the current case. Therefore, extraction of its concept of “community of interests” and application of cases interpreting and applying this concept is misplaced.
Cumulation under Article 463 is a procedure pursuant to which several plaintiffs may sue several defendants in the same proceeding and have all their claims resolved. In a cumulated action, each plaintiff presents a case and each defendant responds. When the number of plaintiffs suing one or more defendants climbs into the thousands and membership in the group of plaintiffs is fluid and changing, such as here, each plaintiff cannot appear, and cumulation is not an appropriate tool.
It is at that point that the provisions governing class actions must be applied to determine if a resolution of all claims can be appropriately conducted in one proceeding. In fact, the articles on class actions provide that it is where numer-osity of plaintiffs makes joinder impracticable that class action proceedings are appropriate. See LSA C.C.P. art. 591(A)(1). See Thomas v. Charles Schwab and Company, Inc., 95-1405, 683 So.2d 734 (La.App. 3rd Cir.9/25/1997) writ denied, 97-0009, 96-2579, 686 So.2d 858, 859 (La.1/24/1997):
Parties who are attempting to certify a class do not first cumulate their actions ... The prerequisites for each action are similar. However, the difference between Louisiana Code of Civ. P. Article 591 and Article 463 is that the former is specifically for class actions and the latter is for cumulation of individual actions ... Class action is more appropriate than cumulation where there is a large number of plaintiffs or defendants involved.
Thomas, 683 So.2d at 737; citing Dumas v. Angus Chemical Company, 25,632, 635 So.2d 446 (La.App. 2nd Cir.3/30/1994).
Thomas, supra (bold added). In other words, because there was a plaintiff class in Thomas, there necessarily was no cumulation of plaintiffs in Thomas. [7 Also in Thomas, we distinguished Albarado v. Union Pacific R.R. Co., 2000-2540, 787 So.2d 431 (La.App. 4 Cir. 4/25/2001), rev’d in part, 2001-1537 (La.09/14/2001), 796 So.2d 666, which was a decision which involved a plaintiff class but which (unlike the present *1096 action) did not involve a defendant class, but instead involved multiple individual defendants, and so did involve cumulation of the defendants. Likewise, Strasner v. State, 99-1099 (La.App. 1 Cir. 6/23/00), 762 So.2d 1206, writ denied, 2000-2195 (La.10/27/00), 772 So.2d 125, did not involve a defendant class.
To summarize and clarify: When there is a plaintiff class and multiple individual defendants, there is cumulation as to the defendants but not as to the plaintiffs. When there is a defendant class and multiple individual plaintiffs, there is cumulation as to the plaintiffs but not as to the defendants. When there is a plaintiff class and a defendant class, there is no cumulation. As the present case involves both a plaintiff class and a defendant class, and specifically because it involves a defendant class, Article 464 of the Code of Civil Procedure has no application. As to our Garrison I decision, that decision decided only an exception of improper venue. Our Garrison I decision does not even state that any party filed an exception of improper cumu-lation much less state that an exception of improper cumulation was being maintained. Our Garrison I decision does not cite Article 464 or Articles 461 et seq. of the Code of Civil Frocedure and does not even use the phrase “cumulation of actions” or the word “cumulation” anywhere in the opinion. In view of the fact that this case involves a defendant class, the only issue jsin Garrison I was the choice between two venue statutes, and cumulation among the defendants necessarily was not an issue. In any case, as the Supreme court stated in remanding this case to us for reconsideration, “the only issue reached by the [Garrison I ] court was the exception of improper venue”. Garrison III, supra. Accordingly, any discussion of other issues in Garrison I would be dicta. Id. In contrast, our Thomas decision, quoted and discussed above, is a more recent, published, binding precedent which, as a necessary part of its holding, specifically addressed (and rejected) the use of cumu-lation requirements as to a class.
The relators argue that transfer, as opposed to dismissal, as to the claims against the relators, is not “in the interest of justice”, La.Code Civ. Proc. Art. 121, because the clerk of court of the trial court will have to send copies of the voluminous record to each of the transferee courts. While we are cognizant of the burden that may be imposed upon the clerk of court of the trial court, we think that such a burden is clearly outweighed by the considerations of substantive justice, including possible loss by peremption of claims without any consideration of their merits, discussed at the outset of this decision. At the least, the trial court did not abuse its discretion in so striking the balance. Moreover, we are confident that all counsel will assist the clerk of court in selecting which portions of the record need to be copied to be transmitted to each transferee court and that such assistance will minimize the burden upon the clerk of court.
The relators point out that a case should be dismissed, rather than transferred, when the plaintiff knowingly filed suit in an improper venue. Simien, supra; Marler, supra; Green, supra. They then argue that the plaintiffs knowingly filed this action in an improper venue as to the relators because, under La. R.S. 13:5104 B, the only proper venues as to the relators were in the parishes where they are located. However, the relators are members of a defendant class, the Code of Civil Procedure provides that venue is proper “in a parish of proper venue as to any member of the class named as a defendant”, La. Code Civ. Proc. Art. 593 B, and venue is indisputably proper in Orleans Parish as to some members of the defendant class other than the relators. Thus, the plaintiffs *1097 had a clearly non-frivolous argument that venue was proper as to all defendant class members, including the relators, in Orleans Parish. Until Garrison I, there was no caselaw deciding the choice between la. R.S. 13:5104 B and Article 593 B, so it cannot be said that the plaintiffs proceeded in the face of clear law to the contrary of their position. Moreover, we cannot conclude that the plaintiffs knowingly filed suit in an improper venue when the trial court agreed with the plaintiffs as to venue and denied the relators’ venue exceptions.
Relators argue that transfer is improper because both the plaintiff class and the defendant class alleged in the petition as amended are defined in state-wide terms. We note that in each of the transferee courts, the only defendant or defendants will be the one or more of the relators which is or are located in that parish. Also, we note that only the plaintiff class members who received transfusions from that defendant or these defendants will have any interest in pursuing claims against that defendant or those defendants. Thus, we can foresee |inthat, in the transferee courts, this action will not be pursued as to a defendant class but, rather, will be pursued as to only one or more individual defendants. We can also foresee that, in each of the transferee courts, the plaintiff class will be redefined in terms of the persons who received transfusions from the defendant or defendants in that transferee court. However, all such issues are to be addressed in the transferee courts by amendment of the pleadings, by class certification proceedings or by other means. None of these issues are before us now. We simply explain that the fact that the plaintiff and defendant classes are presently alleged in state-wide terms, and will have to be modified in the transferee courts, does not present any obstacle to transfer or any reason to dismiss rather than transfer.
For the foregoing reasons, we affirm the judgment of the trial court, transferring rather than dismissing as to the relators, and consequently, deny the consolidated writ applications.
AFFIRMED.
MURRAY, J., dissents with reasons.