# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-596

**R. CHADWICK  EDWARDS, JR.**

**VERSUS**

**LAROSE SCRAP & SALVAGE, INC.**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF VERMILION, NO. 91359J
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and Shannon J. Gremillion, Judges.

**REVERSED AND REMANDED.**

R. Chadwick Edwards, Attorney at Law
P.O. Box 217
Abbeville, LA 70511-0217
Counsel for Plaintiff/Appellant:
    R. Chadwick Edwards

J. Isaac Funderburk, Attorney at Law
P.O.  Drawer 1030
Abbeville, LA 70511-1030
Counsel for Defendant/Appellee:
    Larose Scrap & Salvage, Inc.

**PAINTER, Judge.**

Plaintiff, R. Chadwick Edwards, Jr. (Edwards), appeals the dismissal of his suit for defamation/malicious prosecution on summary judgment. For the following reasons, we reverse the trial court's grant of summary judgment in favor of Defendants, Larose Scrap & Salvage (Larose) and Paul Cummings, and remand the matter to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Larose filed a petition for declaratory judgment and for damages. In the course of those proceedings, Edwards, as a corporate officer of Larose, was deposed. Based on statements made in that deposition, Larose amended its suit to include claims against Edwards. Specifically, Larose alleged that Edwards committed fraud due to the sale of property to Larose which neither Edwards nor his company owned. All causes of action asserted against Edwards were ultimately dismissed. Thereafter, on December 2, 2009, Edwards filed suit against Larose and Cummings, alleging malicious prosecution and defamation. Larose and Cummings filed peremptory exceptions of no cause of action. Next, Larose and Cummings filed a motion for summary judgment alleging that Edwards' allegations lacked factual support and that there were no genuine issues of material fact. Attached to the motion was Edwards' deposition, taken on March 3, 2006, in the other suit. Edwards countered with a motion for default judgment based on the fact that neither Larose nor Cummings had filed an answer. The motion for default judgment was denied. Edwards also filed a motion to strike the use of his prior deposition, asserting that a motion for summary judgment may not be supported with a deposition from another case. Following a hearing, the motion for summary judgment filed by Larose and Cummings was granted, and Edwards' suit was dismissed. There were no rulings on the exceptions of no cause of action.

Edwards now appeals the trial court's grant of summary judgment, asserting that the trial court erred: (1) in refusing to strike his deposition taken in another matter; (2) in allowing evidence to be presented in support of an affirmative defense

1

which was not asserted in any pleading; (3) "in reaching factual legal conclusions as to the affirmative defenses which had not been raised;" (4) in reaching factual conclusions as to subjective facts upon which a jury could have reached a different conclusion; (5) in failing to accept as true all of the allegations contained in the petition which were supported by affidavit and not denied by answer; (6) in finding that facts constituting negligence supported the filing of pleadings alleging fraud; and (7) in finding an absence of material facts on the question of the reasonableness of an assertion of fraud.

We agree with Edwards that the trial court improperly considered a collateral deposition. Accordingly, we reverse the trial court's grant of summary judgment in favor of Larose and Cummings and remand the matter to the trial court for further proceedings.

## DISCUSSION

We review this matter de novo. *Reynolds v. Select Properties, Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180. That means that, using the same criteria applied by the trial court, we must determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). The mover bears the initial burden of proof and must show that no genuine issue of material fact exists.

> The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts.

> Facts are material if they determine the outcome of the legal dispute. The determination of the materiality of a particular fact must be made in light of the relevant substantive law.

*Murphy's Lease & Welding Serv., Inc. v. Bayou Concessions Salvage, Inc.*, 00-978, pp. 4-5 (La.App. 3 Cir. 3/8/01), 780 So.2d 1284, 1288, *writ denied*, 01-1005 (La.

2

6/1/01), 793 So.2d 195 (footnotes omitted). However, La.Code Civ.P. art. 966(C)(2) provides, in pertinent part, that:

[i]f the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In this case, we are also guided by the principals set forth in *Brittain v. Family Care Services, Inc.*, 34,787, p. 4 (La.App. 2 Cir. 6/20/01), 801 So.2d 457, 460:

Even though the summary judgment procedure is favored, it is not a substitute for trial and is often inappropriate for judicial determination of subjective facts such as motive, intent, good faith or knowledge. *Oaks v. Dupuy*, 32,070 (La.App.2d Cir. 8/18/99), 740 So.2d 263, *citing Greer v. Dresser Industries, Inc.*, 98-129 (La.App. 3d Cir.7/1/98), 715 So.2d 1235). One reason is that these subjective facts call for credibility evaluations and the weighing of testimony and summary judgment is inappropriate for such determinations. *Id.* Moreover, it is not a function of the trial court on a motion for summary judgment to determine or even inquire into the merits of issues raised or to weigh conflicting evidence on the existence of material facts.

We also note that La.Code Civ.P. art. 966(A) provides that a defendant's motion for summary judgment may be made at any time. There is no requirement that an answer be filed prior to defendant's motion for summary judgment. However, we agree with Edwards that the trial court improperly considered his deposition that was taken in the other litigation. This court has held:

Depositions in other proceedings can be used for other purposes, such as impeachment. Depositions in other proceedings are, however, collateral depositions and are not depositions "on file" for use in summary judgments as required by La.Code Civ.P. art. 966(B) and should not be considered in a motion for summary judgment

*Bell v. Gold Rush Casino*, 04-1123 (La.App. 3 Cir. 2/2/05), 893 So.2d 969.

Defendants are clear in their assertion that the March 3, 2006 deposition contains an admission by Edwards that he did not know who owned the property in dispute in the other litigation. Defendants further assert that this admission negates any cause of action Edwards may have for defamation and malicious prosecution.

3

Furthermore, the trial court stated: "Well, based off your deposition alone, I think there's no genuine issue of material fact, and I'm going to grant the Motion for Summary Judgment on both." We find that the trial court erred in basing its decision on the collateral deposition of Edwards. The summary judgment must, therefore, be reversed.

**DECREE**

For all of the foregoing reasons, we find that the trial court improperly granted summary judgment in favor of Larose and Cummings. Costs of this appeal are assessed to Defendants/Appellees, Larose Scrap & Salvage, Inc., and Paul Cummings.

**REVERSED AND REMANDED.**