STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1412

R. CHADWICK EDWARDS, JR.

VERSUS

LAROSE SCRAP & SALVAGE, INC.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 09-91359-J
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and Shannon J. Gremillion, Judges.

Thibodeaux, Chief Judge, concurs and assigns written reasons.

AFFIRMED.


R. Chadwick Edwards, Jr.
Edwards & Bellaire, L.L.C.
114 East Lafayette Street
Post Office Box 217
Abbeville, Louisiana 70511-0217
(337) 893-2884
Counsel for Plaintiff/Appellant:
    R. Chadwick Edwards, Jr.

J. Isaac Funderburk
Funderburk & Herpin
101 South St. Charles Street
Post Office Drawer 1030
Abbeville, Louisiana  70511-1030
(337) 893-8140
Counsel for Appellees/Defendants:
    Larose Scrap & Salvage, Inc. and
    Paul Cummings

**GENOVESE, Judge.**

In this malicious prosecution and defamation case, coming before this court a second time, Plaintiff, R. Chadwick Edwards, Jr., appeals the trial court's grant of summary judgment in favor of Defendants, Larose Scrap & Salvage, Inc. and Paul Cummings. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case were set forth in this court's previous opinion as follows:

> In 2003, Larose filed a petition for declaratory judgment and for damages. In the course of those proceedings, Edwards, as a corporate officer of Larose, was deposed. Based on statements made in that deposition, Larose amended its suit to include claims against Edwards. Specifically, Larose alleged that Edwards committed fraud due to the sale of property to Larose which neither Edwards nor his company owned. All causes of action asserted against Edwards were ultimately dismissed. Thereafter, on December 2, 2009, Edwards filed suit against Larose and Cummings, alleging malicious prosecution and defamation. Larose and Cummings filed peremptory exceptions of no cause of action. Next, Larose and Cummings filed a motion for summary judgment alleging that Edwards' allegations lacked factual support and that there were no genuine issues of material fact. Attached to the motion was Edwards' deposition, taken on March 3, 2006, in the other suit. Edwards countered with a motion for default judgment based on the fact that neither Larose nor Cummings had filed an answer. The motion for default judgment was denied. Edwards also filed a motion to strike the use of his prior deposition, asserting that a motion for summary judgment may not be supported with a deposition from another case. Following a hearing, the motion for summary judgment filed by Larose and Cummings was granted, and Edwards' suit was dismissed.

*Edwards v. Larose Scrap & Salvage, Inc.*, 10-596, p. 1 (La.App. 3 Cir. 12/8/10), 52 So.3d 1009, 1010. Edwards appealed and argued that the trial court erred when it relied upon a collateral deposition to grant summary judgment in favor of Larose and Cummings. Following our holding in *Bell v. Gold Rush Casino*, 04-1123 (La.App. 3 Cir. 2/2/05), 893 So.2d 969, this court "agree[d] with Edwards that the trial court improperly considered a collateral deposition[,] . . . reverse[d] the trial

court's grant of summary judgment in favor of Larose and Cummings[,] and remand[ed] the matter to the trial court for further proceedings." *Edwards*, 52 So.3d at 1011.

Upon receiving this court's decision in the previous appeal remanding the case for further proceedings, the trial judge sent a letter to the clerk of court stating, "Please schedule the above referenced matter for rehearing[.]" The matter was rescheduled, and the clerk of court sent notice to the parties.

After receiving said notice, Larose and Cummings took Edwards' deposition again, and, with no objection from Edwards, the deposition was filed into the note of evidence in support of their motion for summary judgment. At the summary judgment hearing, the trial court stated:

> [N]ow with this new deposition, I don't see that anything has changed in this new deposition. I mean, we still have the fact that, the fact as stated in the deposition that there's no lease of record that I can see or know about as far as for saying – I guess my concern was if that lease agreement would have said something to the effect that any properties left in something like that, then certainly there would have been no issue of you selling those things.
>
> . . . .
>
> [W]hen they filed the suit against you for selling the property you had no – there was nothing deeming the property abandoned at that time. To me that makes your suit now baseless because they – I mean, the facts are the facts. And I don't think any new facts are going to come out. The fact that when you filed this suit there's now some judgment saying that property was deemed abandoned. The issue was that when they filed their suit[,] that property wasn't deemed abandoned. So their suit was proper. I mean, it wasn't malicious prosecution[,] and it wasn't defamation[,] if they didn't have anything confirming that this property was abandoned.

The trial court then granted the motion for summary judgment filed by Larose and Cummings, and Edwards' suit was dismissed. Edwards appeals.

2

**ASSIGNMENTS OF ERROR**

Edwards asserts the following assignments of error:

**ASSIGNMENT OF ERROR NO. 1:**

The law of the case doctrine prevents and precludes a trial court from reconsidering its prior decision in contravention of the Order of remand by the court of appeal. *Bowie v. Young*, 2001-0715 (La. App. 3 Cir. 3/20/02), 813 So. 2d 562.

**ASSIGNMENT OF ERROR NO. 2:**

Upon remand[,] the trial court may not[,] upon its own motion[,] notice for hearing a motion for summary judgment which has been denied by the appellate court where there has been no new motion filed or supported. Code of Civil Procedure Article 966(A)(1).

**ASSIGNMENT OF ERROR NO. 3:**

Once denied a motion for summary judgment addressing the same issues may not be re-urged unless and until the record has been supplemented with meaningful additions which clearly establish that there is no longer any issue of material fact to be determined by a trial on the merits. *Monumental Life Ins. Co. v. Landry*, 2002-891 (La. App. 3 Cir. 2/19/03), 846 So. 2d 798.

**ASSIGNMENT OF ERROR NO. 4:**

Where neither an answer nor an affidavit in support has been filed a [sic] all allegations contained within the petition which have been supported by affidavit are accepted as true.

**ASSIGNMENT OF ERROR NO. 5:**

Affirmative defenses must be specifically plead in the answer by the assertion of facts which state in short and concise terms the material facts upon which the defenses to the action is based, and the trial court may not consider an affirmative defense which was not asserted in any pleading. Code of Civil Procedure Articles 1003 and 1005; *Rogers v. State, ex rel. Dept. of Pub. Safety & Corr.*, 2007-1060 (La. App. 3 Cir. 1/30/08), 974 So.2d 919.

**ASSIGNMENT OF ERROR NO. 6:**

A summary judgment is not a substitute for trial[,] and the trial court may not make a judicial determination of subjective facts such as credibility, motive, intent, good faith or knowledge where these issues are contested. *King v. Illinois Nat. Ins. Co.*, 2008-1491 (La.2009) 9 So.3d 780; *Edwards v. Larose Scrap & Salvage, Inc.*, 2010-596 (La. App. 3 Cir. 12/8/10), 52 So. 3d 1009.

**ASSIGNMENT OF ERROR NO. 7:**

A suit for malicious prosecution can be disposed of only by a finding of an absence of probable cause which requires a denial by the defendant in his answer and the introduction of relevant evidence to defeat the claim. See, *Schmidt v. Conservative Homestead Ass'n*, 159 So. 587 (La.1935).

**STANDARD OF REVIEW**

"Appellate courts review summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, and in the light most favorable to the non-movant." *Yokum v. 615 Bourbon Street, L.L.C.*, p. 25 (La. 2/26/08), 977 So.2d 859, 876 (citing *Suire v. Lafayette City-Parish Consol. Gov't.*, 04-1459 (La. 4/12/05), 907 So.2d 37). Louisiana Code of Civil Procedure Article 966(A)(2) states "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action," and this "procedure is favored and shall be construed to accomplish these ends." "[I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact," then judgment shall be granted as a matter of law in favor of the mover. La.Code Civ.P. art. 966(B) and (C).

*Kleinman v. Bennett*, 11-947, p. 2 (La.App. 3 Cir. 12/7/11), ___ So.3d ___, ___.

**DISCUSSION**

Though Edwards assigns seven errors, these assignments present four issues: 1) whether this court's prior opinion in this case triggers the law of the case doctrine; 2) whether the trial court can, on its own, cause the clerk to notice a follow-up hearing on the Defendants' motion for summary judgment after this court's reversal and remand of Defendants' initial motion for summary judgment; 3) whether the trial court can reurge and reconsider the same issues in the subsequent summary judgment proceeding; and, 4) whether Defendants were required to file an answer with affirmative defenses and/or an affidavit in support of their motion for summary judgment. Edwards' remaining assignments of error (number five, six, and seven) contain merely statements of law which do not state specific issues or errors and, therefore, will not be considered.

*Law of the Case*

In this first assignment of error, Edwards asserts that the law of the case doctrine[1] prohibits the trial court from reconsidering its prior decision. We find Edwards' reliance upon this doctrine to be misplaced. In the previous appeal of this matter, this court reversed and remanded the matter to the trial court. Our reversal of the trial court's grant of summary judgment was based on its improper reliance upon a collateral deposition. This court did not make any pronouncement on the merits of the case or the evidence presented at the hearing; instead, this court remanded the matter to the trial court for a reexamination of admissible evidence. There was no law of the case. Subsequent to the remand, Mr. Edwards' deposition was taken again and then submitted at the second hearing on the motion for summary judgment. Hence, the defect stemming from the trial court's grant of the initial summary judgment was cured. This assignment of error is without merit.

*Resetting the Motion for Summary Judgment*

In this assignment of error, Edwards contends that the trial court "may not[,] upon its own motion[,] notice for hearing a motion for summary judgment[.]" Citing La.R.S. 13:581 and La.Code Civ.P. art. 194, Larose and Cummings, in brief, counter that "[i]t is within his inherent powers as a district judge to enter such an order."

This court remanded the matter to the trial court for further proceedings. Edwards did not object to the trial court proceeding with the hearing of the motion

---

[1]Under the "law of the case" doctrine, "courts of appeal generally refuse to reconsider their own rulings of law on a subsequent appeal in the same case." *Pumphrey v. City of New Orleans*, 05-979, p. 7 (La. 4/4/06), 925 So.2d 1202, 1207 (citing *Pitre v. La. Tech Univ.*, 95-1466 (La. 5/10/96), 673 So.2d 585; *Garrison v. St. Charles Gen. Hosp.*, 03-423 (La. 4/25/03), 845 So.2d 1047 (per curiam)).

for summary judgment. *See Prince v. Palermo Land Co., Inc.*, 05-1399 (La.App. 3 Cir. 5/3/06), 929 So.2d 831. Therefore, we find no merit to this assignment.

***Reurging the Motion for Summary Judgment***

Edwards argues, in brief, that "[b]ecause the [trial court] on its own re-urged the motion for summary judgment two (2) days after the Order of remand was issued[,] there is no question that the record was not adequately supplemented." Further, "[a]lthough appellees did file a new deposition in support of this motion, the deposition supports appellant's claims by confirming the allegations of the petition, including the fact that Long Island's tenant abandoned these movables in the warehouse when it went out of business." Edwards' deposition testimony shows that when Larose amended its suit to include claims against Edwards in the 2003 litigation, from which the present litigation was spawned, he had no judicial authority to sell the property. In his deposition, Edwards admits that neither he nor his company owned the property that he sold to Larose. We find no error in the trial court's finding that this admission is sufficient to defeat Edwards' claims against Larose for defamation and malicious prosecution.

Edwards' third assignment of error reiterates his contention that the trial court erred by reconsidering the motion for summary judgment filed by Larose and Cummings. For the same reasons set forth by this court relative to the new deposition of Edwards being introduced into evidence and the procedural defect that existed which was subsequently cured, we find no merit to this assignment of error.

***Necessity of Filing an Answer in a Summary Judgment Proceeding***

Edwards contends that Larose and Cummings were required to file an answer before filing their motion for summary judgment and "suggest[s] that [they] have not filed an answer in an effort to prevent discovery; discovery which

will confirm the factual allegations in the petition." As previously stated by this court, "La.Code Civ.P. art. 966(A) provides that a defendant's motion for summary judgment may be made at any time. There is no requirement that an answer be filed prior to defendant's motion for summary judgment." *Edwards*, 52 So.3d at 1012. We find no merit to this assignment of error.

### *Propriety of the Trial Court's Grant of Summary Judgment*

Edwards' appeal generally questions the propriety of the trial court's grant of summary judgment in favor of Larose and Cummings. Larose and Cummings assert that Edwards failed to produce any factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial as to malicious prosecution or defamation; therefore, the trial court correctly determined that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. To address this inquiry, we must first set forth the evidentiary requirements necessary to prevail on a motion for summary judgment relative to Edwards' claims of malicious prosecution and defamation.

Larose and Cummings, as the movants herein, bear the initial burden of proof and must show that no genuine issue of material fact exists. *See* La.Code Civ.P. art. 966(C)(2). If Larose and Cummings successfully meet their burden, then the burden shifts to Edwards to present factual support adequate to establish that he will be able to satisfy his evidentiary burden at trial. *Id*. If Edwards fails to produce the factual support necessary to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Id*.

> A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc*., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id*.

*Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765-66.

In *Finnie v. LeBlanc*, 03-1013, p. 9 (La.App. 3 Cir. 3/10/04), 875 So.2d 71, 78, (quoting *Winn v. City of Alexandria*, 96-492, p. 5 (La.App. 3 Cir. 11/20/96), 685 So.2d 281, 284), this court set forth the elements of a malicious prosecution claim:

> (1) the commencement or continuance of a criminal proceeding; (2) its legal causation by the present defendant against plaintiff, who was [the] defendant in the original . . . proceeding; (3) its *bona fide* termination in favor of the present . . . plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damages.

*Finnie* also sets forth the elements of a defamation claim as follows: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Id*. at 79 (quoting *Fitzgerald v. Tucker*, 98-2313, p. 10 (La. 6/29/99), 737 So.2d 706, 715).

As to malicious prosecution, Edwards presented no proof of any criminal proceeding or malice. Hence, Edwards failed to satisfy his burden of proof as to at least two essential elements of the tort of malicious prosecution. As to defamation, Edwards failed to prove that Defendants made "false and defamatory statement[s]" or that their actions constituted fraud.

In order to show that there is genuine issue of material fact that would preclude Larose and Cummings from successfully pursuing their motion for summary judgment, Edwards must show evidence that he will carry the applicable burden of proving all six elements of malicious prosecution and all four elements of defamation as set forth in *Finnie*. Edwards did not offer proof of any criminal proceeding or malice; hence, he failed to satisfy his burden of proof as to at least two essential elements of the tort of malicious prosecution. As to defamation,

8

Edwards did not offer proof that Larose and Cummings made "false and defamatory statement[s]" or that their actions constituted fraud. Edwards did not offer proof of malice, actual or implied, or other fault. We find that Edwards would not carry his burden of proof as to all of the elements of these two torts; therefore, there is no question of material fact, and Larose and Cummings are entitled to a judgment as a matter of law. Accordingly, we affirm the trial court's grant of summary judgment.

## DECREE

For the foregoing reasons, the motion for summary judgment granted in favor of Defendants, Larose Scrap & Salvage, Inc. and Paul Cummings, is affirmed. Costs of this appeal are assessed against Plaintiff, R. Chadwick Edwards, Jr.

**AFFIRMED.**

**R. CHADWICK EDWARDS, JR.**

**VERSUS**

**LAROSE SCRAP & SALVAGE, INC.**

**THIBODEAUX, Chief Judge, concurring.**

I agree with the result reached by the majority. I disagree, however, with the language regarding the burden of proof. It is true that the movants, Larose and Cummings, had initial burden of proof in showing the nonexistence of genuine issues of material facts. Once that is met, the burden of proof does not shift to Edwards. Rather, the burden of *production* shifts to Edwards to demonstrate that he *could* satisfy his evidentiary burden at trial, and not that he *would* be able to satisfy that burden. Ultimate burden of proof always remains with the movant and never shifts. *See* David W. Robertson, *Summary Judgment and Burden of Proof*, 45 La.B.J. 331 (1997).

For the foregoing reasons, I respectfully concur.