| LOIS KIRK W/O/A LAWRENCE KIRK | * | NO. 2021-C-0056 |
| | | |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| URSIN T. STAFFORD, MD, ET AL | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-06820, DIVISION "14/F"
Honorable Jennifer M Medley,
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Tiffany G. Chase)


T. Carey Wicker, III
Vincent E. Odom
Michael S. Sepcich
CAPITELLI AND WICKER
1100 Poydras Street, Suite 2950
New Orleans, LA 70163

     COUNSEL FOR PLAINTIFFS/RELATORS

Richard S. Crisler
Benjamin J. Biller
BRADLEY MURCHISON KELLY & SHEA LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163

Lorraine P. McInnis
BERRIGAN LITCHFIELD, LLC
201 St. Charles Avenue, Suite 4204
New Orleans, LA 70170-4204

     COUNSEL FOR DEFENDANTS/RESPONDENTS


       **WRIT GRANTED; VACATED AND REMANDED**
            **MAY 12, 2021**

This is a medical malpractice case. Plaintiffs/relators, Lois Kirk and Lawrence Kirk (collectively, the "Kirks" or "Relators") seek review of the January 21, 2021 judgment of the Civil District Court for the Parish of Orleans ("District Court"), which granted exceptions of improper venue and ordered this case transferred to the 22nd Judicial District Court for the Parish of St. Tammany. In granting the exceptions, the District Court found Relators' motion for voluntary dismissal moot. For the reasons that follow, we grant the writ, vacate the judgment, and remand this matter to the District Court to hold a contradictory hearing and rule on Relators' motion for voluntary dismissal.

This litigation arises from Lois Kirk's medical treatment at Slidell Memorial Hospital (the "Hospital") on or about March 26, 2018, wherein defendant healthcare providers allegedly failed to recognize that the EKG taken on Lois Kirk was reflective of an acute myocardial infarction (otherwise known as a "heart attack"). Relators allege that, as a result of defendants' medical negligence in their care and treatment of Lois Kirk, she suffered severe injuries including hypoxic brain injury and the amputation of a limb.

On August 13, 2020, Relators filed a post-medical review panel lawsuit in the District Court against defendants/respondents, Ursin T. Stafford, MD ("Dr. Stafford"), Archie C. Tatford, MD ("Dr. Tatford"), Anantha Chentha, MD ("Dr. Chentha"), Apogee Medical Group, Louisiana, Inc. ("AMG") (collectively "Respondents").[1] The Kirks also named as defendants Team Health Holdings, Inc. ("Team Health"), Allyson Armendi Jarvis, MD ("Dr. Jarvis"), as well as the State of Louisiana Through The Board Of Supervisors of Louisiana State University and Agricultural and Mechanical College, and LSU Health Sciences Center-New Orleans (the "State Defendants"), alleging that Dr. Jarvis was an employee, agent or affiliate of the State Defendants at the time of the medical treatment. The petition alleged that Dr. Jarvis was a resident of Orleans Parish. Relators did not name the Hospital as a defendant.

On August 20, 2020, Relators filed a second nearly identical lawsuit in Jefferson Parish, where they alleged that Drs. Stafford and Tatford were domiciled, but requested that service on all defendants be withheld at that time.[2]

On October 30, 2020, Drs. Stafford and Tatford filed in the District Court an exception of improper venue, arguing that venue was improper in Orleans Parish because no defendant was domiciled there. They annexed to their exception an affidavit from Dr. Jarvis, attesting that she had sold her house, moved out-of-state, and was no longer a resident of Orleans Parish when the action was filed. They

---

[1] We refer in this opinion to only Dr. Stafford, Dr. Tatford, Dr. Chentha, and AMG as Respondents, as they have filed responses to the writ application herein. As discussed below, Drs. Stafford and Tatford jointly filed an exception of improper venue, while Dr. Chentha and AMG jointly filed a separate exception adopting Drs. Stafford and Tatford's arguments.

[2] Relators submit that "out of a further abundance of caution, [they] also filed the identical lawsuit against the same Defendants in the 19th Judicial District Court for the Parish of East Baton Rouge on the last day of the prescriptive period and withheld service because venue would be appropriate there as to any 'State' Defendants." No further showing concerning this lawsuit was made to this Court.

also claimed that the mandatory venue provisions of La. R.S. 13:5104(A) applied with respect to the claims against the State Defendants as Dr. Jarvis' alleged employer and precluded venue in Orleans Parish.[3] They argued that the District Court should transfer the action to St. Tammany Parish, where the alleged malpractice took place at the Hospital, and which they submitted was a court of proper venue.

On November 2, 2020, Relators filed in the District Court an *ex parte* motion for voluntary partial dismissal without prejudice as to Relators' claims against Dr. Jarvis, Team Health, Dr. Chentha, AMG, and the State Defendants. Relators reserved their rights against Drs. Stafford and Tatford. Later the same day, in the District Court, Dr. Chentha and AMG filed an exception of improper venue in Orleans Parish, adopting the exception filed by Drs. Stafford and Tatford. Also, on November 2, 2020, Relators requested service in the Jefferson Parish lawsuit on Dr. Stafford, Dr. Tatford, Dr. Chentha, AMG, and Team Health.

On November 10, 2020, Relators filed a motion for voluntary dismissal without prejudice as to their claims against Drs. Stafford and Tatford "so that [Relators] may pursue this matter in the correct venue" – specifically, Relators' pending lawsuit filed in Jefferson Parish. Relators represented that Drs. Stafford and Tatford opposed voluntary dismissal in Orleans Parish because they sought transfer of the case to St. Tammany Parish. Relators requested that their motion be set for contradictory hearing at the same time as all Respondents' exceptions of

---

[3] Under La. R.S. 13:5104(A), all lawsuits filed against "state of Louisiana or any state agency or against an officer or employee of the state or state agency for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause of action arises." Drs. Stafford and Tatford contended in a reply in support of their exception, however, that venue in East Baton Rouge Parish was no longer proper pursuant to the dismissal of State Defendants.

improper venue. On the same day, rules to show cause issued, setting contradictory hearings on January 15, 2021 on all Respondents' exceptions and Relators' motion for voluntary dismissal without prejudice.

On November 19, 2020, the duty judge in the District Court granted Relators' *ex parte* motion for voluntary partial dismissal without prejudice, dismissing Relators' claims against Dr. Jarvis, Team Health, Dr. Chentha, AMG, and the State Defendants, reserving only Relators' claims against Drs. Stafford and Tatford.

On January 7, 2021, Relators filed a memorandum in opposition to the exceptions of improper venue. Relators conceded that venue was improper in Orleans Parish but submitted that the exceptions should be denied as moot because Relators had moved to dismiss the Orleans Parish action and/or in the alternative that should the court rule on the merits, the suit should be transferred to Jefferson Parish where the other medical malpractice action brought by Relators was pending.

On January 15, 2021, a contradictory hearing was held in the District Court. According to Drs. Stafford and Tatford, none of the parties introduced any evidence at the hearing, and the writ application reflects that most of the hearing was not transcribed due to technical difficulties with Zoom videoconferencing. The District Court rendered judgment on January 21, 2021 granting the exceptions, transferring the case to St. Tammany Parish, and finding Relators' motion for voluntary dismissal moot. Relators' application for supervisory writs followed.

No dispute remains that Orleans Parish is an improper venue for Relators' medical malpractice action. The narrow issue presented is whether the District

Court abused its discretion in transferring the case to St. Tammany Parish while failing to grant Relators' motion for voluntary dismissal.

Venue presents a question of law, and appellate courts generally review the grant of an exception of improper venue *de novo*. *Blow v. OneBeacon Am. Ins. Co.*, 16-0301, pp. 4-5 (La. App. 4 Cir. 4/20/16), 193 So.3d 244, 248. Appellate courts review, under an abuse of discretion standard, a district court's decision to transfer in the interest of justice, rather than dismiss, a lawsuit filed in an improper venue. *See Garrison v. St. Charles General Hosp.*, 02-1430, p. 8 (La. App. 4 Cir. 9/17/03), 857 So.2d 1092, 1096; *Perniciaro v. McInnis*, 16-0740, p. 6 (La. App. 5 Cir. 5/31/17), 222 So.3d 987, 992. Likewise, a district court's ruling, which grants or denies a motion for voluntary dismissal without prejudice, after a defendant has appeared, is reviewed for an abuse of discretion. *Sizemore v. Reilly-Benton Co., Inc.*, 18-0826, p. 4 (La. App. 4 Cir. 2/6/19), 265 So.3d 41, 43 (citing *Botanica Prop. Partners, L.L.C. v. Hodges Const. Co.*, 04-1086, p. 6 (La. App. 5 Cir. 2/15/05), 897 So.2d 756, 759).

Transfer or dismissal of a lawsuit due to improper venue are addressed in Articles 121 and 932 of the Code of Civil Procedure. "When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue." La. C.C.P. art. 121. Similarly, Article 932(B) provides in part that "if an action has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice." La. C.C.P. art 932(B). Typically, transfer is found to be "in the interest of justice" when it "prevents substantive rights being lost, without a determination upon the merits, by becoming time-barred under prescription or peremption despite having been filed and served timely albeit in the improper

5

venue." *Blow*, 16-0301, pp. 21-22, 193 So.3d at 257 (quoting *Garrison*, 02-1430, p. 3, 857 So.2d at 1094). Ordinarily, under such a scenario, transfer rather than dismissal is favored unless a plaintiff *knowingly* files suit in an improper venue. *Garrison*, 02-1430, p. 3, 857 So.2d at 1094. Neither of these factors are present here. Nothing before this Court indicates that Relators would lose substantive rights (under prescription or otherwise) if their Orleans Parish lawsuit is dismissed, as they filed a nearly identical Jefferson Parish lawsuit, which remains pending. No suggestion is made that Relators knew Orleans Parish was an improper venue at the time they filed suit there.

Voluntary dismissals are provided for in La. C.C.P. art. 1671, which states:

> A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.

Once a defendant has made an appearance of record, as here,[4] "the plaintiff's right to dismiss rests within the sound discretion of the court." La. C.C.P. art. 1671, comment (b). This Court observed that that Article 1671 does not grant a district court "unbridled discretion" and recognized a jurisprudential rule that a district court "cannot dismiss a suit without prejudice if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense." *Sizemore*, 18-0826, p. 6, 265 So.3d at 44-45 (quoting *Oliver v. Davis*, 95-1841, p. 4 (La. App. 1 Cir. 8/12/96), 679 So.2d 462, 464)(other citations

---

[4] For the purposes of Article 1671, "Appearance of record includes filing a pleading, appearing at a hearing, and formally enrolling as counsel of record." La. C.C.P. art. 1671, 1997 comment. "The pleadings allowed in civil actions … shall be in writing and shall consist of petitions, exceptions, written motions, and answers…." La. C.C.P. art. 852.

6

and footnote omitted). Louisiana courts have rejected the argument that a defendant "lost a substantial right and/or just defense" to litigate venue or lis pendens due to a voluntary dismissal and remarked that the "problem of where the suit is to be heard [] is clearly a procedural question rather than a substantive one." *Martinez v. Dow Chem. Co.*, 97-0289, pp. 3-4 (La. App. 5 Cir. 9/30/97), 700 So.2d 1096, 1098. This Court also observed that "[a]s procedural rules, the provisions governing venue do not create substantive rights." *Blow*, 16-0301, p. 19, 193 So.3d at 256 (citing *American Dredging Co. v. Miller*, 510 U.S. 443, 453, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994). "Moreover, the mere fact that the plaintiff intends to institute, or in fact institutes, another suit on the same cause of action is not a sufficient ground for a denial of his or her motion to discontinue an action." *Sizemore*, 18-0826, p. 7, 265 So.3d at 45 (quotation and other citations omitted).

We have not located in our jurisprudence any bright line rule requiring a court to first rule on a motion for voluntary dismissal before transferring a case to a proper venue. Nevertheless, we find under the particular posture of this matter that the District Court abused its discretion in failing to address whether Relators were entitled to voluntarily dismiss their claims against Drs. Stafford and Tatford, the only two remaining defendants in Orleans Parish. In doing so, and in ruling on what it perceived to be the most convenient venue (the parish where the alleged malpractice took place), the District Court overlooked that only the claims against Dr. Stafford and Tatford remained and that all other defendants were dismissed. As a result of this ruling, the only claims transferred to St. Tammany Parish are those against Drs. Stafford and Tatford, while Relators' lawsuit against Drs. Stafford and Tatford and the other named defendants remains pending in Jefferson Parish.

7

Further compounding the issue, as Drs. Stafford and Tatford concede, no evidence was introduced at the hearing in support of the exceptions. Relators confessed that Orleans Parish was no longer a proper venue, but the District Court did not properly consider evidence from which to determine a proper venue for transfer in the interest of justice. "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record." *Denoux v. Vessel Mgmt. Serv., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88; *see also Draughn v. Thacker*, 14-0216, pp. 4-5 (La. App. 5 Cir. 11/25/14), 165 So.3d 1010, 1012-13.

Moreover, we find no basis on which the District Court had authority to act on exceptions filed by the dismissed parties, Dr. Chentha and AMG. We find no showing that Dr. Chentha or AMG sought appellate review or took any measures to set aside their dismissal in the District Court. Their exception was no longer properly before the District Court at the time of the hearing. Due to their failure to appeal, we do not address whether the voluntary dismissal of any other defendants (including Dr. Chentha and AMG) was proper.

Viewing these considerations together, we find that the District Court abused its discretion by transferring the case and finding the motion for voluntary dismissal moot. The particular circumstances here warrant that the District Court first determine, after a contradictory hearing, whether voluntary dismissal would deprive Drs. Stafford and Tatford of substantive rights and/or a just defense. Thereafter, if dismissal is not granted, Drs. Stafford and Tatford may, if they desire, re-urge their arguments on transfer to a proper venue in the interest of justice in an evidentiary hearing on their exception.

We, therefore, grant the writ, vacate the January 21, 2021 judgment, and remand this matter to the District Court to hold a contradictory hearing and rule on Relators' motion for voluntary dismissal, before addressing the exception of improper venue.

**WRIT GRANTED; VACATED AND REMANDED**